GREGORY (NORTHROP v.).   See Case No. 10,327.

GREGORY (SEYMOUR v.).   See Case No. 12,686.

GREGORY (STRANAHAN v.).   See Case No. 13,522.

## Case No. 5,803.

### GREGORY v. UNITED STATES.

[17 Blatchf. 325; [1] 26 Int. Rev. Rec. 27.]

Circuit Court, S. D. New York.   Nov. 28, 1879.

FORFEITURE OF PERSONAL PROPERTY — USE OF PREMISES FOR ILLICIT DISTILLERY.

Under that part of section 3281 of the Revised Statutes which forfeits personal property owned

---

[2] [From 9 Chi. Leg. News, 394.]

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

by a person who has permitted or suffered his premises to be used for purposes of ingress or egress to or from an illicit distillery, it is necessary, in order to such forfeiture, that such person should have known that the ingress or egress over his premises was to or from a distillery.

[In error to the district court of the United States for the Southern district of New York.]

[This was a proceeding by the United States against George C. Gregory for the unlawful use of his premises in permitting them to be used for purposes of ingress and egress to and from an illicit distillery. A decree of condemnation was entered in the district court, and the claimant brings error.]

Louis F. Post, for plaintiff in error.

Edward B. Hill, Asst. Dist. Atty., for defendants in error.

BLATCHFORD, Circuit Judge. The plaintiff in error (the claimant below) was the owner of the lot of land and buildings No. 419 East 48th street, in the city of New York. On that lot, in front and adjoining No. 421, was a dwelling house. On the west part of the lot 419 was a covered drive-way leading from a rear building to the street in front. The rear building covered the rear part of the lot 419 and extended eastward over the rear part of lot 421, which latter lot belonged to a savings bank. In this rear building there was no partition, the ground floor being one large room. An illicit still, in use as part of a distillery, was found and seized in the rear building in the part of it which was on the lot 419, and mash tubs were found and seized in the rear building on the continuation of the partition line between the front buildings on the lots 419 and 421. Between the front building on the lot 421 and the rear building was an open yard. Between the front part of the covered drive-way on the lot 419 and the rear building was a covered one story shed. Between the rear of the dwelling house on the lot 419 and the rear building were stalls. In these stalls were found and seized a horse, a truck and a lot of harness, belonging to the claimant. He used the covered drive-way for ingress and egress between the stalls and the street. His business was that of a builder. An agent for the bank had, at its request, found a tenant for the rear building, at the rent of $40 a month. The claimant, in consideration of his receiving one-half of such rent, consented to the tenancy, and that the tenant should use such covered drive-way for ingress and egress between the street or front and such rear building. The claimant was informed that the rear building was to be used as a vinegar factory. The tenant set up the illicit distillery in the rear building, and used such covered drive-way for ingress and egress thereafter, between the street in front and such illicit distillery. The question tried in the court below was as to the forfeiture of the horse, truck and harness. The claimant was called

as a witness on his own behalf, and, in the course of his direct examination, he was asked this question: "Did you know that this building was being used as a still?" This question was objected to by the counsel for the United States, as immaterial under sections 3281 and 3242 of the Revised Statutes of the United States. The objection was sustained by the court, and the counsel for the claimant excepted to the ruling. At the close of the evidence the counsel for the United States moved that a verdict be directed for the United States. Thereupon the counsel for the claimant asked leave to go to the jury on the case generally, and as to whether the claimant permitted the drive-way to be used for the purpose of ingress or egress to or from a distillery. The court denied such request, and the counsel for the claimant excepted to such refusal. The court thereupon granted the motion of the counsel for the United States, under section 3281 of the Revised Statutes, and the counsel for the claimant excepted to such decision. Thereupon, the court directed a verdict for the United States, condemning said horse, truck and harness, and the counsel for the claimant excepted. The jury found such verdict and a decree of condemnation was entered thereon.

Section 3281 of the Revised Statutes is in these words: "Every person who carries on the business of a distillery without having given bond as required by law, or who engages in or carries on the business of a distiller with intent to defraud the United States of the tax on the spirits distilled by him, or of any part thereof, shall, for every such offence, be fined not less than one thousand dollars nor more than five thousand dollars and imprisoned not less than six months nor more than two years. And all distilled spirits or wines, and all stills or other apparatus fit or intended to be used for the distillation or rectification of spirits, or for the compounding of liquors, owned by such person, wherever found, and all distilled spirits or wines and personal property found in the distillery or in any building, room, yard, or inclosure connected therewith, and used with or constituting a part of the premises, and all the right, title and interest of such person in the lot or tract of land on which such distillery is situated, and all the right, title and interest therein of every person who knowingly has suffered or permitted the business of a distiller to be there carried on, or has connived at the same; and all personal property owned by or in possession of any person who has permitted or suffered any building, yard or inclosure, or any part thereof, to be used for the purposes of ingress or egress to or from such distillery, which shall be found in any such building, yard or inclosure, and all the right, title and interest of every person in any premises used for ingress and egress to or from such distillery, who has knowingly suffered or permitted

such premises to be used for such ingress or egress, shall be forfeited to the United States."

The claimant has brought a writ of error. It is contended for the claimant, that, as soon as the distillery was established, his license was at an end; that his knowledge as to the use to which the building was put was material; that he granted a right of way to a vinegar factory and not to a distillery; and that he never permitted or suffered the driveway to be used for purposes of ingress or egress to or from the distillery.

For the United States it is contended, that the provisions of section 3281, with regard to forfeiture of personalty and realty, are carefully distinguished; that the word "knowingly" is inserted wherever realty is referred to, and omitted wherever personalty is referred to; that the words used relative to personalty found on premises used for ingress and egress, and those used relative to realty used for ingress and egress, are the same, except as to the word "knowingly;" that such difference was intentional, and must, if possible, be made effective; that it cannot be made effective except by the ruling made in the court below; that it is not contended for the United States that the words "permit" and "suffer" do not imply knowledge, but it is contended that it is sufficient knowledge if the claimant knew that the illicit distiller was obtaining ingress and egress to and from the building where his illicit work was carried on, and allowed him to do so; that, under such circumstances, he permitted such distiller to use the inclosure for ingress and egress to and from the distillery, even though he had no knowledge that there was a distillery there; that the position of the claimant is, that the words "suffer" and "permit" necessarily and of themselves import knowledge, and that the word "knowingly" cannot add to such meaning, nor can its absence take away from such meaning; that such position makes the peculiarity of the use of the word "knowingly" unmeaning and ineffectual; that it is enough that the claimant permitted ingress and egress to and from the building in the rear, and that there was in that building an illicit still; that the purpose of the permission is not material, where personalty is concerned; and that such purpose becomes material only when a question arises as to the forfeiture of realty.

Section 3281 contains various provisions for forfeiture. It forfeits (1) spirits and distilling apparatus owned by the illicit distiller, wherever found; (2) all spirits and personal property found on the premises of the illicit distillery; (3) the interest of the illicit distiller in the distillery premises; (4) the interest in the distillery premises of every person who knowingly has suffered or permitted the business of a distiller to be there carried on or has connived at the same; (5) all personal property found in any building, yard or inclosure, owned or possessed by any person who has permitted or suffered such build-

ing, yard or inclosure to be used for purposes of ingress or egress to or from the illicit distillery; (6) the interest in any premises used for ingress or egress to or from the illicit distillery, of every person who has knowingly suffered or permitted such premises to be used for such ingress or egress. Knowledge of the use of the place as a distillery, at least, whether in an unlawful manner or not, seems to be clearly predicated in all these cases except the fifth. The illicit distiller knows of his own fraud, it is presumed, and so his spirits and apparatus are forfeited, wherever found. The owner of all spirits and personal property found on the premises of the illicit distillery, is held to forfeit it, on the view, that, being on the premises, it is presumed to be used in the illicit business or to be its product, and that its owner is bound to know that it is in a distillery. The interest of the illicit distiller in the distillery premises is forfeited, because he is presumed to know of the fraud. The interest in such premises of every person who knowingly has suffered or permitted the business of a distiller to be there carried on, or has connived at the same, is forfeited, because, knowing that the place was used for a distillery and permitting it to so used, he is made responsible for its use in a fraudulent manner. The interest in any premises held for ingress or egress to or from the illicit distillery, of every person who has knowingly suffered or permitted such premises to be used for such ingress or egress, is forfeited, because, knowing that the place was used for a distillery and permitting his premises to be used for ingress and egress to and from such distillery, he is made responsible for its use in a fraudulent manner. In every one of these five cases there is to be knowledge that there is a distillery. Yet it is claimed by the United States, that, under the fifth clause of the section, it is not necessary that the owner of the personal property should know that the ingress and egress over his premises is to and from a distillery. This difference is predicated on the absence of the word "knowingly" in the fifth clause, when it is found in the fourth and sixth clauses; and it is claimed to be enough that the owner of the personal property knows of the abstract ingress and egress and allows it, even though he does not know that it is ingress and egress to and from a distillery. Under this view the same duty would have been cast on the claimant if he had not owned the rear building. In either case it is claimed that, having given a right of way to a building which he was told was to be used as a vinegar factory, he was bound to see that it was not used as an illicit distillery.

In the ordinary use of language, when it is said that a person permits or suffers premises to be used for egress and ingress to and from a distillery, the meaning is, that he knows that the ingress and egress are to and from a distillery, that there is a distillery, and, that, knowing there is a distillery, he-

permits the ingress and egress, and intends that the ingress and egress shall be to and from the distillery. The permission. sufferance, allowance, authority and license are predicated quite as much on knowledge that there is a distillery as on knowledge that there are ingress and egress. The distinction in this case is sought to be founded on the absence of the word "knowingly." But, it would be more in harmony with the purview of the whole section, and with the natural meaning of the words "suffer" and "permit," to hold that the word "knowingly," where it occurs, can have no reasonable meaning as adding to the force of the words "suffer" and "permit," and should be rejected there as surplusage. The word "knowingly," where it is used, is used to qualify the word "suffered" and the word "permitted." The words are "knowingly has suffered or permitted" and "has knowingly suffered or permitted." The word "permit" is defined thus: "To grant permission, liberty or leave; to allow; to suffer; to tolerate; to empower; to license; to authorize." The word "suffer" is defined thus: "To allow; to admit; to permit." The word "admit" is defined thus: "To permit; to suffer; to tolerate." The word "allow" is defined thus: "To suffer; to tolerate." The word "tolerate" is defined thus: "To allow so as not to hinder; to permit as something not wholly approved; to suffer; to endure; to admit." Every definition of "suffer" and "permit" includes knowledge of what is to be done under the sufferance and permission, and intention that what is done is what is to be done. When it is said that a person suffers or permits a yard to be used for purposes of ingress and egress to and from a distillery, his sufferance or permission must be applied to the whole subject-matter, and he does not suffer or permit the ingress and egress to and from the distillery, unless he is conscious that there is a distillery as well as ingress and egress. It is not said that he does any more, when it is said that he knowingly suffers or permits a yard to be used for purposes of ingress and egress to and from a distillery.

There is nothing in the decision in the case of U. S. v. Distillery at Spring Valley [Case No. 14,963], which is inconsistent with the foregoing views. The decision there, so far as it was on the 44th section of the act of July 20, 1868 (15 Stat. 142), now section 3281 of the Revised Statutes, was, that that section, in providing for the forfeiture of the interest in the land on which a distillery is situated, of every person who knowingly suffered or permitted the business of a distiller to be there carried on, or who has connived at the same, does not require that he should have knowingly suffered or permitted it to be fraudulently carried on or that he should have connived at such fraud. Indeed, the court, when citing the provisions of said section 44 which form clauses five and six thereof, as above set forth, couples them to-

gether and remarks that they provide for "the knowing permission or sufferance of the use for, or in aid of, the business of distilling."

On the whole, I am of opinion that the question asked of the claimant and excluded was improperly excluded; that it was a question for the jury whether the claimant knowingly or consciously suffered or permitted the drive-way to be used for the purpose of ingress or egress to or from a distillery, knowing or being conscious that there was a distillery in the rear building; and that it was error to direct a verdict for the United States. The judgment below is reversed, with a direction to the court below to enter an order granting a new trial.