[No. 2124]

IN THE MATTER OF THE APPLICATION OF LITTLE POOLE JACKSON FOR A WRIT OF HABEAS CORPUS.

[140 Pac. 719]

1. PROSTITUTION—INDICTMENT—"PERMIT."

An indictment charging that the defendant permitted his wife to be in a house of prostitution, is sufficient to charge an offense under Rev. Laws, sec. 6445, making it a felony for a person to connive at, consent to, or permit his wife being in any house of prostitution, the word "permit" in such indictment and statute meaning not merely failure to prevent, but requiring an active wish, or at least willingness in defendant's mind that his wife remain in such house after knowledge that she is there.

2. EVIDENCE—JUDICIAL KNOWLEDGE—HUSBAND AND WIFE—STATUTES.

Courts judicially know that both the husband and wife usually have a powerful moral suasion over the actions of each other, and it is in this sense that the word "permit" is used in Rev. Laws, sec. 6445.

ORIGINAL PROCEEDING. Application by Little Poole Jackson for a writ of *habeas corpus.* **Proceeding dismissed.**

*Dixon & Miller,* for Petitioner.

*Geo. B. Thatcher,* Attorney-General, and *M. B. Moore,* District Attorney, for Respondent.

By the Court, NORCROSS, J.:

This application raises the question of the sufficiency of an indictment to charge a public offense. The indictment, in part, reads: "That said defendant   *   *   *   being then and there the husband of one Edna Pearl Jackson, *   *   *   did then and there wilfully, unlawfully, and feloniously permit her, the said Edna Pearl Jackson, to be in a house of prostitution, to wit, the house.   *   *   *"

Section 6445 of the Revised Laws contains the provision: "Every person who, being the husband of any woman, *   *   *   shall connive at, consent to, or permit her being in any house of prostitution," shall be guilty, etc.

It is contended by counsel for petitioner that the word "permit" comprehends some lawful control or authority over the action of another; that power to "permit" an action cannot exist without the corresponding power to refuse; that there can be no guilt in permitting a thing to be done where power to prevent does not exist; that a husband has no such legal power or control over the actions of a wife as gives him authority to prevent her entering a house of prostitution if she desires so to do; that not having power in law to prevent such action on the part of a wife, an indictment which charges only that the husband permitted such action fails to charge an offense.

We shall not enter upon a consideration of the question whether a husband or wife has any legal control over the actions of the other. This court, however, judicially knows that both the husband and wife usually have a powerful moral suasion over the actions of each other.

It is in this sense, we think, the word "permit" is used in the statute. In *People* v. *Conness*, 150 Cal. 114, 88 Pac. 821, the court said: "It would not be unreasonable or absurd, or an undue restriction of personal liberty, to forbid all persons from remaining in a bawdy house, nor to forbid any person from allowing or permitting another to remain there, in the sense in which the words 'allow' and 'permit' are used in this statute. * * * The statute is in the disjunctive, and it declares that, if the husband shall 'allow' his wife to remain in a house of prostitution, he is guilty of a felony. The word 'allow' here means more than mere 'abstinence from prevention,' as the court below defined it in an instruction given to the jury. It has almost the identical meaning of the word 'permit,' also used in the statute. It implies some sort of assent on the part of the husband. There must be some active wish, or, at least, willingness, in his mind, after he has knowledge of her presence in the house, that she should continue there; something more than mere indifference to her whereabouts, or passive sufferance in a case where the circumstances do not call upon him to interfere with her conduct. Where he does not, directly or indirectly, place or leave her in the house, or connive at, consent to, or permit of, her going there (using the word 'permit' in the same sense which we attribute to the word 'allow'), he must, to some extent, be an accomplice in her remaining there after he has knowledge of the fact." See, also, *People* v. *Duncan*, 134 Pac. (Cal. App.) 797; *People* v. *Nitta*, 17 Cal. App. 152, 118 Pac. 946; *State* v. *Ilomaki*, 40 Wash. 629, 82 Pac. 873.

The indictment, we think, is not objectionable as not stating a public offense.

The proceeding is dismissed.