Eva M. Legenbauer, an Infant, by Mary Grounds, Her Guardian as Litem, Respondent, *v.* Joseph Esposito, Appellant.

Third Department, May 7, 1919.

Motor vehicles — negligence — use of automobile by son of owner — failure to establish that son was agent or servant of owner at time of accident — effect of testimony as to speed of car.

In an action for personal injuries alleged to have been sustained by the plaintiff while taking a joy ride at her own request in the defendant's automobile driven by his son, evidence *held* insufficient to establish the plaintiff's allegation that the defendant's son was his agent or servant at the time of the accident, and that, therefore, a judgment in favor of the plaintiff must be reversed and a new trial granted.

*It seems,* that testimony as to the sustained speed of the car is important only in determining the liability of the driver for the penalties prescribed by the Highway Law, and while it may be some evidence of negligence, it may not be imputed to the owner of the car where it is not being used for his purposes.

Appeal by the defendant, Joseph Esposito, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 6th day of

December, 1918, upon the verdict of a jury for $900, and also from an order entered in said clerk's office on the 18th day of December, 1918, denying defendant's motion for a new trial made upon the minutes.

*John J. Scully,* for the appellant.

*Abbott H. Jones,* for the respondent.

WOODWARD, J.:

The complaint alleges that the plaintiff is an infant; that the defendant was guilty of owning an automobile on the 8th day of October, 1916, and for some time prior thereto, and that on said day, while the plaintiff was riding in said automobile in a prudent and careful manner, and " which said automobile was at that time in charge of the defendant's agent and servant, and was being operated with the consent, knowledge and under the control of the above named defendant," that " said automobile was so carelessly, recklessly, negligently and unlawfully driven and operated, and the defendant's agent and servant, who was then driving and operating the said automobile, in endeavoring to pass another automobile which was then and there proceeding in a northerly direction on the said Mechanicville Road, at a time and place when, if he had used ordinary care and diligence he would have known that it was impossible to pass the said automobile, so that the automobile in which this infant plaintiff was then seated collided with and struck an automobile which was then and there proceeding in an opposite direction," etc., resulting in the injuries complained of to the plaintiff. This allegation is denied in whole; and while it is seriously urged, and there is evidence to support the contention, that the plaintiff received no injuries in the accident, in the view we take of this case it is not necessary to determine the weight of evidence upon this issue.

As the case went to trial there was the allegation that the defendant owned the automobile, and that it was being operated by the agent and servant of the defendant, with defendant's consent and knowledge and under his control. The ownership was admitted, but the allegations in reference

to the consent, knowledge and control of the car were denied, and, of course, it was for the plaintiff to establish these facts by a fair preponderance of evidence — the universal rule in the State of New York in civil actions. The plaintiff was called in her own behalf. She testified that she knew Mr. Esposito (the defendant, we assume); that she was in his store on the afternoon of Sunday, October 8, 1916, at two o'clock, and that she had a talk with him in reference to an automobile ride; that the defendant said that " he, the boy, could take the car for the afternoon for us to go for a joy ride, and so we did." She then says that " we decided on Saratoga " as the place to which they would drive, evidently referring to the persons who made up the party, and she says that James Esposito, the defendant's son, was driving the car. She says that Mr. Esposito, the defendant, and his wife were at the store when they left and that they bade them good bye, and then she goes on to describe the trip out the Mechanicville road and the collision, which obviously resulted from the careless manner in which James Esposito ran the car. According to this witness — and there is no dispute about the facts — the young man ran the car at the rate of forty miles an hour and attempted to pass a car in front of him, which had slowed down while the rear car was close behind, and in dodging to the left to avoid a collision with the forward car, he came in contact with a car running in the opposite direction, with the result that both cars were badly wrecked, and the plaintiff claims to have been injured along with other members of the party.

The only other person who testified in reference to the ownership and control of the car was James Esposito, who said that he was the son of the defendant, and that on the eighth day of October " they came to the store and asked me if they could have a ride, and I said sure." He says that this was in the morning, and that the " they " he referred to was " Eva [the plaintiff] and Lena and her sister Josephine;" that they " come to the store, and they asked if they could have a ride; " that they " asked me, and I told them to ask my father, and my father said he couldn't go out, and after a while they come in and asked again, and he told them they could go for a short ride. Later on they came back and

I was out there, and so we went out; I went out and got the car and they all got in. There was four of them; there was only four to go, and the other two come along and asked if they could have a ride, and they got into it, and that made seven altogether; they got in and I drove the car."

There is no dispute as to this version; it is not inconsistent with the story of the plaintiff. It merely covers the time prior to the hour she fixes, and it is evident that these young people importuned the defendant to give them a " joy ride," as the plaintiff herself expresses it, and that finally he consented that his son might take the car and give them a ride. In other words, the defendant loaned his car to these young people, including his son, for a drive. He had no interest in the " joy ride." It was for their pleasure and at their request, and the fact that the driver happened to be his son did not make him the agent or servant of the defendant any more than the plaintiff would have been his agent or servant if she had taken the wheel and touched the accelerator on this " joy ride." " On the occasion of the accident," say the court in a very similar case (*Heissenbuttel* v. *Meagher*, 162 App. Div. 752), " the son had taken the car out for a pleasure drive accompanied by several of his friends. Neither defendant nor any other member of his family, except his son, was in the party. It is evident from these facts that when the accident happened the car was neither expressly nor constructively in the use or service of the defendant, and that in driving the car the son was in no way acting as the defendant's agent. Under these circumstances we hold that defendant is not liable for his son's negligent operation of the car. The principle involved has been applied in so many cases that the citation of but a few will suffice. (*Tanzer* v. *Read*, 160 App. Div. 584; *Freibaum* v. *Brady*, 143 id. 220; *Cunningham* v. *Castle*, 127 id. 580; *Maher* v. *Benedict*, 123 id. 579.)"

The court in *Walrath* v. *Hanover Fire Ins. Co.* (216 N. Y. 220, 225) restates an old rule in new and vigorous language when it says that " it is fundamental that in civil actions the plaintiff must recover upon the facts stated in his complaint, or not at all. In case a complaint proceeds on a definite, clear and certain theory, it will not support or permit

of another theory because it contains isolated or subsidiary statements consistent therewith. A party must recover not only according to his proofs but according to his pleadings" (citing authorities), and surely the plaintiff has failed to establish the facts which she alleged as a ground for her action. She has utterly failed to establish that the defendant's son was the agent or servant of the defendant at the time of this accident. On the contrary, she shows by her own testimony that she asked the defendant for the use of the car, and the testimony of the son, wholly uncontradicted, is that he was first asked to give the plaintiff and others a ride, and that he was willing to do so, but suggested that the plaintiff ask his father, and when the consent was given they all went out for a "joy ride," and the accident happened through the negligent manner in which the son operated the car. While it is, perhaps, unimportant, in the view we take of this case, we are of the opinion that testimony as to the sustained speed of the car is important only in determining the liability of the driver of the car for the penalties prescribed by the Highway Law. Section 287 of the Highway Law (Consol. Laws, chap. 25 [Laws of 1909, chap. 30], as added by Laws of 1910, chap. 374) deals with "every person operating a motor vehicle on the public highway," and is a police regulation for which section 290 (added by Laws of 1910, chap. 374, as amd.) prescribes penalties to be imposed for a violation thereof, and while it may be some evidence of negligence, it may not be imputed to the owner of the car where it is not being used for the purposes of the owner.

The judgment and order appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Judgment and order reversed on the law and facts, and new trial granted, with costs to the appellant to abide the event. The court disapproves of the finding that the defendant was guilty of negligence.