HOWARD J. ATWATER, Respondent, v. JOSEPH W. LOBER and Another, Appellants.

County Court, Cayuga County, February 19, 1929.

*Gleason & Boyle,* for the appellants.

*Kennard Underwood* [*James J. Hosmer* of counsel], for the respondent.

MOSHER, J. The appellants demanded a new trial in this court but have stipulated to strike out that demand and permit judgment against the son and leave to this appellate court the question of liability of the father.

Section 282-e of the Highway Law (added by Laws of 1924, chap. 534, as amd. by Laws of 1928, chap. 508) provides that " Every owner of a motor vehicle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner."

The intent of the Legislature was to make the owner liable for the negligence of any person to whom he might give permission to operate his car. (*Plaumbo* v. *Ryan,* 213 App. Div. 517; *Leppard* v. *O'Brien,* 225 id. 162.)

Implied authority is actual authority circumstantially proved and is the authority the principal intended his agent to possess (*Koivisto* v. *Bankers & Merchants Fire Ins. Co.,* 148 Minn. 255; *Nertney* v. *National Fire Ins. Co.,* 199 Iowa, 1358), and is actual authority evidenced by conduct of the principal which has been such as to justify the jury in finding that the agent had actual authority to do what he did. (*Moore* v. *Switzer,* 78 Col. 63.)

Plaintiff's witness, Alta N. Potter, testified that she had seen the son driving this auto half a dozen, perhaps a dozen times, including the Saturday morning before and also the morning of this accident when he drove the car to her house to take her son Meredith to school, but his father has never been with him and he said his father did not know he was driving this car.

The son testified that he drove it without permission, and the father testified he would not allow him to take it, except on one day last summer when he said " you can't take the car unless Meredith goes with you," and Meredith drove the car, not Edmund, and he gave as his reasons " I wouldn't allow the boy to drive, I don't think a boy in his condition is able to use a car and use it properly; and then too, after I had the car fixed up I wouldn't allow him to take it anyway because like boys, they would probably drive a little bit faster than what they ought to. I wanted to break the car in myself."

The burden of proof was on the plaintiff to establish all the

material allegations of his complaint, including the permission of said Joseph W. Lober, by a fair preponderance of the evidence (*Legenbauer* v. *Esposito*, 187 App. Div. 811), and not by speculation or conjecture.

To permit means to allow or consent to, and is the legal equivalent that it was done with the consent and knowledge of the person charged (*U. S.* v. *San Francisco Bridge Co.*, 88 Fed. 891), implying an intent to do the thing complained of. Thus knowledge and an active operation of the mind are required, and the passive happening of the event is not enough. (*People ex rel. Hausauer-Jones P. Co.* v. *Zimmerman*, 58 Misc. 264; *MacFarlane* v. *Mosier & Summers*, 79 id. 460.)

Knowledge is prerequisite to consent, and permission cannot be implied from mere user without proof of knowledge thereof. (*Owen* v. *Gruntz*, 216 App. Div. 19; *Schwartz* v. *Lawrence*, 214 id. 559, 564; *Carter White Lead Co.* v. *Pounds*, 65 id. 476; *Rolfe* v. *Hewitt*, 227 N. Y. 486; *Feitelberg* v. *Matuson*, 124 Misc. 595; *Leppard* v. *O'Brien*, *supra*.)

In *State of Minnesota* v. *Robinson* (55 Minn. 169) the proposition is well stated that: " As always used, the word ' permit ' includes the element of assent. When used in a statute to describe an action made penal it must be held to include that element, unless there be something in the context clearly indicating the contrary." It is not synonymous with allow or suffer, being a much more positive term denoting a decided assent (*Winslow* v. *Missouri, K. & T. R. Co.*, 192 S. W. [Mo. App.] 121), not mere failure to prevent but an active wish, or at least willingness in defendant's mind, after knowledge. (*Matter of Jackson*, 37 Nev. 167; 140 Pac. 719.) Permission means the same as consent, and consent implies knowledge (*State* v. *Wheeler*, 38 N. D. 456; 165 N. W. 574); to allow after knowledge or notice (*Cramer* v. *Jenkins*, 255 Pac. [Cal. App.] 877; *U. S.* v. *Innes*, 218 Fed. 705); to grant, to give leave or liberty, and implies knowledge of the thing permitted and consent thereto. (*Elkhorn Mining Corp.* v. *Commonwealth*, 173 Ky. 417; *Elliott* v. *State*, 19 Ariz. 1; 164 Pac. 1179; *State ex rel. Kern* v. *Emerson*, 90 Wash. 565; 155 Pac. 579; *Allen* v. *Commonwealth*, 178 Ky. 250; 198 S. W. 896.)

As Judge BLATCHFORD said when construing a Federal statute: " Every definition of ' suffer ' and ' permit ' includes knowledge of what is to be done under the sufferance and permission, and intention that what is done is what is to be done " (*Gregory* v. *U. S.*, 17 Blatchf. 325), as the etymological definition of permission and suffer implies and includes knowledge on the part of the one so charged of facts or things which he permits or suffers. (*Armstrong's*

*Admr.* v. *Sumne & Ratterman Co.*, 211 Ky. 750; 278 S. W. 111.) It cannot be said that one has permitted or suffered a thing when he had no knowledge of it; the words " suffered " and " permitted " necessarily implying knowledge and do not impose any duty to prevent or to use reasonable care to prevent, except where he permits or suffers after acquiring knowledge. (*Clover Creamery Co.* v. *Kanode*, 142 Va. 542; 129 S. E. 222.)

Obviously the father could not permit that which he did not know about. Proof that he paid for oil and general running expenses and frequently used the car and that it had a speedometer does not establish his knowledge and permission.

Consent on one isolated occasion last summer does not show knowledge and permission at the time of this accident. Furthermore, that permission was conditional, and refused " unless Meredith goes with you." Meredith was not with him at the time of the accident, but George Burns, just riding around, for pleasure. (*Legenbauer* v. *Esposito, supra; Heissenbuttel* v. *Meagher*, 162 App. Div. 752; *Tanzer* v. *Read*, 160 id. 584; *Cunningham* v. *Castle*, 127 id. 580; *Maher* v. *Benedict*, 123 id. 579.)

It also appears that the car was not legally used or operated on this occasion, which was also essential for plaintiff to establish.

Edmund's use and operation of the car on this day, without Meredith, was illegal, unauthorized and contrary to his father's expressed instructions (*Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388, 393; *Goldberg* v. *Borden's Condensed Milk Co.*, 227 id. 465; *Rolfe* v. *Hewitt, supra; Rosenbluth* v. *Concourse Van Co.*, 132 Misc. 647), and constituted conversion, for which he was criminally liable. (Penal Law, § 1293-a; *Rose* v. *Balfe*, 223 N. Y. 481, 488.) Michigan declared unconstitutional a statute making the owner liable for the act of a willful trespasser. (*Feitelberg* v. *Matuson, supra.*) Implied authority did not exist to do an act expressly prohibited; otherwise, an owner would be powerless to direct when, how and where his property shall be used. (*Rose* v. *Balfe, supra.*) Being the owner's son gave Edmund no permission, authority or agency (*Legenbauer* v. *Esposito, supra; Heissenbuttel* v. *Meagher, supra; Maher* v. *Benedict, supra; Van Blaricom* v. *Dodgson*, 220 N. Y. 111) in the absence of further legislation. (*Leppard* v. *O'Brien, supra.*)

Section 282-e, though remedial, must be followed with strictness. If a statute creates a liability where otherwise none would exist, or increases a common-law liability it will be strictly construed. (Suth. Stat. & Stat. Const. [1st ed.] § 371; *Matter of Andersen*, 91 App. Div. 563; *Town of Hempstead* v. *City of New York*, 52 id. 182; *Smith* v. *Boston & Albany R. R. Co.*, 99 id. 94.)

The difficulty of proving permission and legal use does not

change the law or rules of evidence or liability. The Legislature made the owner liable for the negligence of any person to whom he loaned his car, but went no further; it did not otherwise change any of the rules of liability. (*Fluegel* v. *Coudert*, 244 N. Y. 393; *Leppard* v. *O'Brien*, *supra*.) It did not increase the liability of the lender beyond that of the master for those acts of his servant coming within the scope of his employment. The Legislature may not be presumed to make any innovation upon the common law further than is required by the mischief to be remedied. (*Dean* v. *Metropolitan El. R. Co.*, 119 N. Y. 540; *Cohen* v. *Neustadter*, 247 id. 207.) Liability is to be determined by proper proof of permission and legal use by sufficient and proper evidence rather than by the consideration that it will be inconvenient or unjust if the owner is not held responsible. (*Van Blaricom* v. *Dodgson*, *supra*.)

If the car was being driven without the owner's permission or contrary to his express orders, no liability attached to him (*Leppard* v. *O'Brien*, *supra; Fluegel* v. *Coudert*, *supra; Psota* v. *Long Island R. R. Co.*, *supra*), and the uncontradicted evidence of both defendants negatived permission, express or implied, or legal use or operation by the son, proof of both of which was essential for plaintiff to benefit by section 282-e (*Der Ohannessian* v. *Elliott*, 233 N. Y. 326; *Fluegel* v. *Coudert*, *supra*); and their testimony was not improbable, unreasonable, contradictory or suspicious (*Der Ohannessian* v. *Elliott*, *supra*), and the judge and jury were not authorized to disregard the evidence (*Benevento* v. *Poertner Motor Car Co.*, 235 N. Y. 125), though sworn to by interested witnesses or parties (*Hull* v. *Littauer*, 162 N. Y. 569; *Perlmutter* v. *Byrne*, 193 App. Div. 769; *Maher* v. *Benedict*, *supra; Molloy* v. *Whitehall Portland Cement Co.*, 116 App. Div. 839; *Fallon* v. *Swackhamer*, 226 N. Y. 444; *Potts* v. *Pardee*, 220 id. 431), confirmed by testimony *ante litem motam*. (*Ferris* v. *Sterling*, 214 N. Y. 249.)

Assuming everything that the plaintiff said to be true in this case, no cause of action was made out (*Schwartz* v. *Lawrence*, *supra*) and the verdict and judgment are against the weight of evidence.

On a new trial the testimony of the witness Ward would seem unobjectionable under the authority of *Owen* v. *Gruntz* (*supra*) but in view of this opinion other questions are not necessary to be determined now.

The judgment against the defendant Joseph W. Lober should be reversed because contrary to and against the weight of evidence, pursuant to section 451 of the Justice Court Act, and a new trial ordered, with costs to appellant to abide the event.