In the Matter of MARIE TOYOS, Petitioner, against HENRY E. BRUCKMAN et al., Constituting the New York State Liquor Authority, Respondents.

Third Department, April 28, 1943.

*Farbstein & Markowitz* (*Harold J. Hinman* of counsel), for petitioner.

*Francis V. McHugh* Counsel, State Liquor Authority (*Frederick A. Sperling* of counsel), for respondents.

HILL, P. J. The license issued to Marie Toyos to sell liquor at a place designated the Madrid Bar & Grill located at 1902 Seventh Avenue, New York City, was cancelled as of October 15, 1942, upon the ground that the premises were disorderly. The findings are verbatim copies of the charges contained in the notice of hearing. The language of the most specific is that she suffered or permitted " prostitutes and other undesirable persons to congregate in and about the licensed premises on April 30, 1942, May 1, 1942, May 2, 1942 and May 3, 1942." A patrolman, Boyce, testified that he had known the premises for about five years; that he had eaten in the restaurant quite frequently and had never observed anything disorderly; that he received an order from the Police Department of the City of New York in the latter part of April, 1942, to observe what was happening in the various places in Harlem; that he made observations on April 30, May 1, 2 and 3 respectively from 10:35 to 11:00 P. M., from 2:30 to 3:00 A. M., from 9:00 to 9:30 P. M. and 8:30 to 8:45 P. M.; that he saw several per-

sons whom he described as " several known prostitutes " and " three or four known pimps " in the place. The only thing he observed the women do other than eat and drink was that three who were at the bar " engaged various male customers in short conversation." Concerning his construction as to this conduct he says, " Well, I wouldn't say that it would actually cause a breach of the peace, but if these males that were being in conversation was not known to these female prostitutes, the act of approaching them at the bar and engaging them in conversation might be disorder." Boyce first complained in the Magistrate's Court of a violation of section 899, subdivision 4, of the Code of Criminal Procedure. The charge was made against the bartender, Manuel Perado and petitioner. At the close of the People's evidence the magistrate dismissed the case against both. Boyce testified that on May 2nd he entered the place and " had a conversation with the bartender and told him that he had a lot of prostitutes in the place, that he should keep them out of there and he stated that he did not know if they were and that they did not do anything there." The officer said he did not know whether Perado was acquainted with the character of some of the men and women who were in the place; that he had never had occasion to arrest anyone at defendant's place of business, and concerning the holder of the license, Mrs. Toyos, " I think she is a very fine respectable woman." He declined to express an opinion as to whether the bartender knew the kind of people who were in the place and as to whether he encouraged them to come. His reply to an inquiry as to the rights of the public to enter public places as permitted by section 40 of the Civil Rights Law and as to a violation of section 513 of the Penal Law was: " There are exceptions to the rule." He said that members of the public could be excluded if they were intoxicated, but that these people were not intoxicated.

Undoubtedly a restaurant or bar would be disorderly if the owner knowingly permitted lewd men and women to congregate for the purpose of unlawfully soliciting those who entered for food or drink. There is no proof that after the brief conversations the parties consorted, and while the Authority must have assumed that the women importuned customers to indulge in sexual acts, the proof does not sustain the finding.

Petitioner, in return for a substantial sum of money paid to the State, has been granted the privilege, revocable for cause it is true, to conduct a bar and restaurant. Until this privilege is revoked for cause, it is a property right and may be destroyed only in accordance with law. The fact that a woman is a prosti-

tute or a man a pimp is susceptible of proof. The proof should be sufficiently definite so that a defense may be interposed. Hearsay by a policeman is not sufficient. If women solicited men in this place, that was susceptible of direct proof. A decision may not be founded on findings that a policeman imagined or believed that the subject of a short conversation had to do with an unlawful act. The trial before the Authority, following the unsuccessful prosecution in the Criminal Court, is similar to, if not in fact, double jeopardy.

The determination of the Authority is reviewable and must be sustained by facts. The reviewing court is to decide whether the findings are sustained by the evidence. (*Matter of Elite Dairy Products* v. *Ten Eyck*, 271 N. Y. 488; *New York Water Service Corp.* v. *Water Power & Control Comm.*, 283 N. Y. 23.)

The determination should be annulled under subdivisions 6 and 7 of section 1296 of the Civil Practice Act.

CRAPSER, BLISS, HEFFERNAN and SCHENCK, JJ., concur.

Determination annulled, with fifty dollars costs and disbursements and matter remitted.