Van Voorhis, J.
Appellant applied to the State Liquor Authority pursuant to section 63 of the Alcoholic Beverage Control Law for a license to sell liquor at 5120 Sixth Avenue, Brooklyn, New York, for consumption off the premises. On April 1, 1946, he was notified by the Authority that his application had been disapproved for the reason that “ Public convenience and advantage will not be served by the approval of this applicant ”. On April 15, 1946, petitioner wrote to the Authority asking for a reconsideration of his application. The Authority replied on April 23, 1946, that acting as a board, it had “ considered all pertinent facts and factors contained in the papers on file" and disclosed at the hearing granted you. Its determination that public convenience and advantage would not be promoted by the approval of the application was based upon those facts and factors.” What these “facts and factors ” were is not in this record. Reconsideration was" refused.
Not until he had commenced this proceeding under article 78 of the Civil Practice Act and received the answer of the Authority did petitioner learn what the reason really was for the denial of his application. The answer revealed that a previous license of plaintiff’s premises to another licensee had been cancelled on February 1, 1946, before the term of petitioner’s lease began, and that thereafter and prior to the filing of petitioner’s application a similar license was issued for premises situated at 503-51st Street. The latter premises, although not on the same street, are located approximately 880 feet measured in walking distance from petitioner’s premises, and the Authority alleges that in its discretion these two locations are in too close proximity to each other. The Authority *253 submits that in issuing the license for 503-51st Street it did so for the purpose of substituting those premises for the liquor store previously licensed at plaintiff’s location. The answer further states that there are a number of other liquor stores in the neighborhood.
It ought not to be necessary for an applicant to start a proceeding under article 78 of the Civil Practice Act in order to learn why he has been turned down. Under section 121 of the Alcoholic Beverage Control Law, refusal by the Liquor Authority to issue a license or permit is reviewable by the Supreme Court. The following statement from the 1942 report of Robert M. Benjamin (Francis H. Horan, counsel), as commissioner under section 8 of the Executive Law (pp. 251-253) is pertinent:
“ Intelligent judicial review of a quasi-judicial determination is possible only if the deciding officer has made findings of fact which show the actual grounds of decision, — findings sufficiently specific so that the reviewing court may judge, first, whether the findings themselves are supported by the evidence in the record of the quasi-judicial hearing and, second, whether the facts so found are legally sufficient to support the determination. Primarily to provide the necessary basis for intelligent judicial review, therefore, the courts have laid down a requirement that such findings of fact be made (Matter of Elite Dairy Products, Inc. v. Ten Eyck, 271 N. Y. 488, 498; Matter of New York Water Service Corporation v. Water Power and Control Commission, supra, 283 N. Y. 23, 30, 32; Matter of New York State Guernsey Breeders Co-Operative, Inc. v. Noyes, 284 N. Y. 197, 204-5; Matter of Dusinberre v. Noyes, 284 N. Y. 304, 308; Matter of Collins v. Behan, supra, 285 N. Y. 187; see also Florida v. United States, 282 U. S. 194). Such findings are required whether or not the departmental statute governing the procedure of the particular agency contains specific, provision for findings of fact, as some statutes do.
“ Since the primary purpose of findings of fact is to afford a basis for intelligent judicial review on the record of the quasi-judicial hearing, the requirement of findings will be imposed wherever such judicial review may be invoked. * * *
“ Findings of fact serve other purposes besides affording a basis for intelligent judicial review. The obligation to formulate findings, rather than simply to announce a result, tends to assure considered action by the administrative deciding officer. As a corollary, the findings themselves offer some assur *254 anee to the parties that the decision has been arrived at rationally, on the evidence; and the findings at least enable the parties to judge for themselves the soundness of the decision, and afford them assistance in deciding whether or not to seek to reverse it on rehearing or judicial review.”
The cases cited in the foregoing quotation amply sustain these principles as do the following additional cases subsequently decided. (Matter of Perpente v. Moss, 293 N. Y. 325, 329; Matter of Wood v. Board of Education of City of N. Y., 267 App. Div. 959; Matter of Aniolek v. Conservation Dept. of State of N. Y., 267 App. Div. 795; Matter of Toyos v. Bruckman, 266 App. Div. 28, 31. See, also, Note, 146 A. L. R. 209 on “ Necessity, form, and contents of express finding of fact to support administrative determinations.”)
The powers of the State Liquor Authority are broad and far-reaching as this court has again recently pointed out (Matter of' Restaurants, etc., Longchamps v. O’Connell, 271 App. Div. 684, affd. 296 N. Y. 888; Alcoholic Beverage Control Law, §17). It is difficult for a person whose application has been refused to know what reasons have prevailed with the Authority and what are the facts which it has found and deemed relevant to its conclusion, especially in the absence of any clear and precise statement of the issues as by pleadings in court. The only manner in which a party aggrieved (who may be an intervening objector as well as a rejected licensee) can meet the issue, will at times be by applying for a rehearing after learning from the findings of the Authority what the issue really is. This is far from saying that the Authority ought to- entertain applications for rehearing as matter of course, but it should do so if affidavits are presented containing facts tending to explain or contradict its findings of fact and the conclusions based thereon, provided that the focal point of the decision was not sufficiently apparent so that the failure to present such evidence at the original hearing is excused.
It is not enough that the basis of the decision of the quasi-judicial tribunal be expressed in the answer in the proceeding in court under article 78 of the Civil Practice Act. It is then too late for the petitioner to, have opportunity to introduce evidence before the Authority to contradict or explain such findings. Unless such evidence is presented to the Authority, it can have no effect in court unless the judgment of the court be substituted for that of the Authority which is not justifiable.
*255 We do not intimate that the grounds for rejection stated in the answer of the Authority in this proceeding may not eventually prove to he adequate, nor are we in any manner questioning its good faith nor trespassing upon its domain by criticizing the performance of its, important functions in substantive matters within its own sphere.
The order should be reversed and the determination of the State Liquor Authority herein annulled but without granting the relief demanded in the petition, and the proceeding is remitted to it for further consideration with the right to either party to offer any additional evidence and with instructions to the Authority to make findings of fact in support of whatever determination it may reach upon the evidence.
¡ Martin, P. J., Cohn, Callahan and Peck, JJ., concur.
■ Order unanimously reversed and the determination of the State Liquor Authority annulled but without granting the relief demanded in the petition, and the proceeding remitted to it for further consideration with the right to either party to offer any additional evidence and with instructions to the Authority to make findings of fact in support of whatever determination it may reach upon the evidence. Settle order on notice.