Hobson, J.
This is an action of tort in which the plaintiff seeks to recover for damages to his automobile, which he was operating on Union Street, a public way in West-field, on July 12, 1946, caused by the defendant’s alleged negligence in driving, handling, managing or keeping of his horse, whereby said horse ran into the plaintiff’s automobile.
At the trial there was evidence tending to show: On July 12,1946, at about 1:39 A. M., the plaintiff was operating his automobile westerly on Union Street, a public highway in the City of Westfield, when suddenly a brown horse, coming from a field on the southerly side of Union Street, ran across the street in front of the plaintiff’s car. The plaintiff applied his brakes hard and had come to a stop *124 or had almost stopped when a white horse ran into the left side of his ear, doing considerable damage, and then ran off into the field nearby. Both horses belonged to the defendant and they had escaped during the night from the defendant’s enclosure which was about seven-eighths of a mile from the place where the plaintiff’s ear was struck. The defendant later that morning discovered that two wooden posts were broken down and about twelve feet of wire fence was on the ground and ■ that his horses had escaped that way from his enclosure. There was no evidence of the type, age, condition or construction of the defendant’s enclosure for his horses.
The Court made the following special finding in this ease: “Considering all of the evidence I find no negligence on the part of the defendant Lorenzatti”.
At the close of the trial and before final arguments the plaintiff made twelve requests for rulings, as ■ set forth in the report. The Court granted the requests numbered 2, 3, 9,10 and 12. The Court denied the requests numbered 1, 4, 5, 6, 7, 8 and 11, and the case is before us because the plaintiff claims to be aggrieved by the refusal of the Court to grant the said requests.
Bequest No. 1 reads as follows: “There is evidence warranting a finding for the plaintiff”. This request should have been granted. However, in view of the special finding of the Court that there was no negligence on the part of the defendant, which finding was warranted upon the evidence, the requested ruling became irrelevant and immaterial and there was therefore no prejudicial error in the refusal of this request. Bresnick v. Heath, 292 Mass. 293, at Page 298; Strong v. Haverhill Electric Company, 299 Mass. 455 at Page 456.
The Court, as requested in Bequest No. 2, correctly ruled that Sections 143, 161 and 222 of the By-laws of the Town *125 of Westfield by force of Section 46 of the Westfield City Charter, Acts of 1920, Chapter 294, accepted November 2, 1920, are in full force and effect as ordinances of the City of Westfield. Said Sections read as follows:
(Section 143 reads: No person shall drive, or take charge of at the same time, in any street of the Town, two or more vehicles drawn by horses or other beasts; or allow any vehicle belonging to him to be driven in such street, without some competent person in charge thereof. No person shall allow any horse or mule in his charge to stand unattended upon any street without being securely fastened.)
(Section 161 reads: No person shall pasture, or suffer to run at large, any horse or grazing animal upon any street in the Town, except that a person may pasture an animal upon the portion of such street or way adjoining his own premises and contiguous thereto. No person shall pasture or tether any animal in such a manner as to obstruct a street or sidewalk.)
(Section 222 reads: Any person who shall violate any provision of these by-laws, or any rule or regulation made by any Town Board under authority herein granted, shall, except as herein otherwise provided, be punished by a fine not exceeding twenty dollars for each offense.)
Bequest No. 4, refused by the Court, reads as follows: “To constitute a violation of said section it is necessary only to show that the defendant was the owner of a horse and that the horse was at large on a public way or street. ’ ’ This request was rightly refused. That portion of the by-laws having any possible application to the facts in this case is that part of section 161 which reads “No person shall . . . suffer to run at large any horse or grazing animal upon any street in the town except that a person *126 may pasture an animal upon the portion of such street or way adjoining his own premises and contiguous thereto”. There was no evidence showing that any other provisions of the by-laws, including that part of Section 143 which reads “No person shall allow any horse or mule in his charge to stand unattended upon any street without being securely fastened”, had been violated.
The word “suffer” as used in the by-law has a distinct •meaning. Webster defines the word “suffer” to mean “to allow; to permit; not to forbid or hinder; also to tolerate; to put up with”. The word “suffer” implies a knowledge of the thing suffered or done,- with an ability to prevent it, or being guilty of such negligent conduct in enabling the thing to be done as is equivalent thereto. This meaning has been given to the word “suffer” in the following-cases :
Adams v. Nichols (Vt.) 1 Aikens, 316, where it was held by.the Court: “Suffer”, as used in Comp. St. p 454, c. 55, providing that, no swine shall be allowed to run at large on the highways or commons, and, if any person or persons shall 1 ‘ suffer his or their swine to run at large on the highways or commons ’ ’, it shall be the duty of the haywards to impound such swine, means to allow or permit.
Sellick v. Sellick, Conn. 501, 505, where it was held by the Court: To “suffer” an act to be done by a person
who can prevent it is to permit or consent to it; to approve of it, and not to hinder it. It implies a willingness of the mind. Such is not only the popular but the proper, meaning of the word as used in the act relating to sheep; section 6 imposing a penalty upon persons who shall suffer their sheep to run at large.
Gregory v. United States (U. S.) 10 Fed. Cas. 1195, 1197, where it was held by the Court: The word “suffer” is defined as to allow, to admit, to permit. It implies a knowl *127 edge of the thing suffered or done; and a forfeiture for suffering a thing to be done cannot be sustained without proof of knowledge.
Town of Collinsville v. Scanland, 58 Ill. 221, 225, where the Court held: “Suffer”, as used in an ordinance providing that any owner of certain animals who shall suffer the same to run at large shall be subject to a certain penalty, etc., means knowingly permitting such animals to run at large, or being guilty of such negligent conduct in enabling them to do so as is equivalent thereto.
Commonwealth v. Fourteen Hogs (Pa.) 10 Serg. & R. 393, 396, where the Court held: Act 1705, providing that no swine shall be “suffered” to go at large, means voluntarily allowing the hogs to go at large unringed and unyoked.
Pittsburgh, C. & St. L. Ry. Co. v. Howard, 40 Ohio St. 6, 8, where the Court held: Rev. St. Section 4202, makes it unlawful for any person, being the owner of horses, cattle, etc., to suffer such animals to run at large in any public road or highway. Held, that the phrase “suffer such animals to run at large” involves the element of wilfulness or carelessness on the part of the owner,, and hence the statute did not impose on the owner anything more than the duty to use reasonable care and precaution in restraining his animals on his own premises; and if they were breachy or unruly, and escaped without the owner’s fault, he having used reasonable care and precaution to restrain them, he could not be said to be within the prohibition of the statute.
It follows therefore that merely to show that the defendant was the owner of a horse and that the horse was at large upon a public way or street is not sufficient evidence to prove a violation of the by-law. There must also be evidence showing that the defendant “suffered” his horse *128 to be upon the way at the time, or, in other words, had knowledge that his horse was there, or was guilty of such negligent conduct in enabling it to be there as was equivalent to such knowledge. The evidence showed no such knowledge on the part of the defendant, and the Court was warranted in finding, as it did, no negligence on his part.
Requests numbered 5, 6, 7 and 8, which were denied, read as follows:
5. The violation of section 143 of the Town By-laws by the defendant constituted evidence of negligence on his part.
6. The violation of section 161 of the Town By-laws by the defendant constituted evidence of negligence on his part.
7. A violation of said section 143 constitutes evidence of negligence because it was intended to protect travelers on the streets and public ways against damages and injuries caused by horses improperly attended or unattended on the street.
8. A violation of said section 161 constitutes evidence of negligence because it was intended to protect travelers on the streets and public ways against damages and injuries caused by horses at large on the streets.
These requests were rightly refused. While they contain a correct statement of the law that a violation of a statute, ordinance or by-law is evidence of negligence on the part of the violator as to all consequences which the enactment of the statute, ordinance or by-law was intended to prevent, inasmuch as it follows from what has been previously said above that there was not sufficient evidence to show a violation of any of these by-laws by the defendant, the requests were inapplicable and were rightly refused.
*129 Bequest No. 11, which was denied, reads as follows: “The owner of a horse wrongfully at large upon a public way is liable for all damage which directly results therefrom without proof of vicious propensities. See Woodman vs. Haynes (1935), 289 Mass. 114, 193 N. E. 570.” This request was rightly denied, it not being applicable to the facts found by the Court. There was no evidence warranting a finding that the defendant’s horse was negligently at large upon the way. To maintain this action the plaintiff would have to prove that the horse was upon the way as a result of the defendant’s negligence. This, as the Court warrantably expressly found, was not the fact. Texeira v. Sundquist, 288 Mass. 93.
The action of the Court in denying all the requests numbered 4, 5, 6, 7, 8 and 11 was right.
We find no prejudicial error and the report must be dismissed.
Hon. Charles L. Hibbard, Presiding Justice of the Appellate Division for the Western District, presided at the hearing of this case on October 24, 1947 and had expressed his concurrence in the tentative draft of this Opinion, but died on November 15, 1947 before the final draft was prepared.