Cohn, J.
The restaurant liquor license of petitioner has been suspended for a period of five days upon a determination by the State Liquor Authority, after a hearing, that petitioner violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law ‘ ‘ in that it suffered or permitted gambling on the licensed premises resulting in the arrest ” of two persons on August 10, 1949. Petitioner contends that there was a failure of competent proof to support the finding. The statute (Alcoholic Beverage Control Law, § 106, subd. 6) provides in part that “ No person licensed to sell alcoholic beverages shall suffer or permit any gambling on the licensed premises, * * .
To sustain a finding that petitioner had violated this statute, it was incumbent upon the Authority to establish by substantial evidence that gambling existed on the licensed premises and that the licensee suffered or permitted such gambling to take place. (Matter of Arnold, Reuben, Inc. v. State Liquor Authority, 268 App. Div. 981, affd. 294 N. Y. 730; Matter of Stevensville Lake Holding Corp. v. O’Connell, 269 App. Div. 804.) To permit or suffer an act usually implies the power to prohibit, prevent or hinder it. (Robertson v. Ongley Electric Co., 82 Hun 585, affd. 146 N. Y. 20; Gregory v. United States, 17 Blatchf. 325.)
The testimony adduced at the hearing showed that on the afternoon of August 10, 1949, two police officers entered petitioner’s premises and observed, during a period of twenty minutes, three patrons consult scratch sheets and then talk to a man standing at the end of the bar and finally hand him money. Patrick Dunne, a bartender employed by petitioner, according to one of the *519 officers, referred another customer to the alleg*ed¡bookmaker, fof thé purpose of having 'the: latter receive a wager.* ■ Gotisuiltatlon yf tiié seSatbli¡:sheéts,eaeeordin'g't,odhe offibérspwas'nnfidbne openly! Thebarteiider-and the alleged bookmaker 'were thereupon placed under, -.arrest:; >A¡t: -the -£i!mé «of; the- occurrences dbscribed/,the:.bar was fairly crowded with-some5 twenty-five or. thirtyrpatronsA' The criminal charges agains t the menarrested were disposedsof¡about Amonth later; in the-Court of S$ie1cialSession-s'o£thei>(Eliii)yid£7N®yv' York’ and' eátih iwíás -discharged ion his dyrnsrecoghizan'ce/l ¿Neither one was adjudgedgmiltyof any, violation ¡of the Penal ¿LawJI o/ti
»’= -ThomasBi-Dineen, íowinfer óf .50-%; bfitheostocknof i petitioner?, was-on-duty behindbkebar¿and inmharge of* the premise's on the afternoon in question,!-Bih’een stated, that ihéüdi'd'snotAbséi’me anyone an aking, wagers and that he was not aware* of ithe presence of the police offieersNuntilihe shwttbeffi>ekcQr'tinglthé>bdrédnd©T aiid 'the¿alleged-bookmaker out of the premises; Bineen»had given specific instructions» to -all of his employees that gambling ini' amiy.tfiofmiwa'si.intiti'to- be -tolerated:!-f.Bunnfc,’-' SieybarteBdqiif, immediately■ -upon bisvarresf,was suspended*by5hisáíemployér pending.the; butcoffie-mfffhe criminal -charges agáillsjíibfmY Ait ;thehOariiigbef-óre[the;Authdr.ity!ther.e'was«n!o;tBstimoáyith;aá«.tho man receiving! the bets- ¡was a known-bóokmakéf ¡ ¡ i iQni the icnnfqary it appeared.that he was steadily ¡employed in- a, r.esponsible;position$- v.^etitioiteri has been -in, business ¡for,* ove'n'jfiSednryqa'iisrtat the samé address and no ¡complaints -df.iyiolatÍQnsiofhéfifyqkiiíd had-eyer hééni¡filed¡againsf;hÍ3n.i--Bunne,;thebaftendeE^h9Bfl3teii in its employ for about nine or ten years. ¡:. •n<1 [«¡¡hq pAI to
-vi'Hvei^if if bAassumedttkere-.wasIsfifficienAevMenoeithafeob this one day iti: question, wagdrs on horses w.erd -being iir>bcfiiydd:«by'.ia patron. oh-¡the! ¡premises, with; the knowledge i ofiLtkes bartender, that would notaiecessaaily bé sufficiént.¡'>:ffhe$eiiffi;uS)t(bBS¡!sliswr ing thaf the Jicensee, lmpvi;or .in the proper supervision, q,fqthe charge, testified, that he .had ¡no .knowledge ,ot( whaf .occurred. The proprietor ox premises licensed to sell alcoholic beverages may he held for the acts of his agent hut there must he some evidence that such acts were expressly authorized or were impliedly permitted. Proof that a bartender on but a single occasion made a wager himself and then had suggested to a patron that he might do likewise, standing alone is not enough to support a charge that his employer, the licensee, had suffered or permitted gambling upon the licensed premises. In Matter of Abrams v. Bruckman (263 App. Div. 593) this court, at page *520 594, Dore, J., said: “ A single violation of the Alcoholic Beverage Control Law may constitute sufficient basis to cancel a license, and the owner of licensed premises may be liable for the acts of his agent; but the slender evidence adduced at the hearing herein was wholly insufficient to sustain the charge made against the licensee and cause forfeit of the refund. That a bartender on a single occasion had two policy slips in his own possession for which he received a suspended sentence as a player, is not sufficient, standing alone, to sustain the charge that his employer, the licensee, had suffered or permitted gambling upon the licensed premises in violation of subdivision 6 of section 106. * * * Here there was no proof whatever that the owner suffered or permitted gambling on the premises. ’ ’
We do not question the right of an administrative agency such as the State Liquor Authority to pass upon the credibility of witnesses who testify in a hearing had by such board. “ The courts may not weigh the evidence or reject the choice made by the Board where the evidence is conflicting and room for choice exists.” (Matter of Stork Restaurant, Inc., v. Boland, 282 N. Y. 256, 267.) However, where as here there' is insufficient proof in the record to warrant a finding that the licensee suffered or permitted gambling on the licensed premises, the administrative agency may not reach an opposite determination. We are, of course, in full accord with the efforts of the Authority to promote the public good by rigidly enforcing the provisions of the Alcoholic Beverage Control Law. Yet, petitioner may not be deprived of its paid for privilege to conduct a bar and restaurant, without just cause. (Matter of Topos v. Bruckman, 266 App. Div. 28, motion for leave to appeal denied 266 App. Div. 885.)
The determination should be accordingly annulled and the suspension order of December 29,1949, is vacated.
Peck, P. J., Glennon, Dore and Shientag, JJ., concur.
Determination unanimously annulled and the order of suspension dated December 29,1949, vacated, with $10 costs and disbursements to the petitioner. Settle order on notice.