J. Kenneth Servé, S.
Mary H. Rainbow, the testatrix herein, under the terms of paragraph tenth of her will, divided her residuary estate into two equal parts. One of such equal parts she bequeathed to her trustees for the life use of her son with the direction that during his life the trustees were to ‘ ‘ pay to him or apply for his benefit the net income thereof ’ ’ and upon his death the principal was then to be paid over to other designated persons. In the administration of such trust, the testatrix provided as follows: “ I further direct the Trustees not to permit any of the income herefrom to be used for the purchase of liquor.”
The trustees in their petition in this proceeding, in addition to the other relief prayed for, have requested the court to dispense them from the obligation to supervise the expenditure of the afore-mentioned trust income. The trustees claim that it is impossible to comply with the provision of the trust, which directs the trustees not to permit any of the income to be used for the purchase of liquor, as they have interpreted such direction to mean that they are bound to see that no income is used by the income beneficiary for liquor.
In the administration of the trust estate, the trustees have not paid the net income directly to the life beneficiary but they have applied it for his use in many ways, including the payment of his mortgage obligation, personal expenses, utility bills, traveling expenses, hotel bills and the purchase of clothing; however, despite the care the trustees have exercised in the administration of this trust fund, they appear to harbor a lingering suspicion that unbeknown to them the income beneficiary may sell some of the articles of clothing or redeem the transportation tickets, which the trustees have purchased for him by the application of trust income, and then use such pro *1056 ceeds for the purchase of liquor. With these possibilities in mind, they believe that it is impossible for them to follow out the direction of the testatrix when she prohibited the use of trust income for the purchase of liquor.
The important part of the direction is found in the words “not to permit”. The word “permit” connotes knowledge and consent (Willingham v. Panick, 161 F. 2d 614, 617 [C. C. A. 10th]). In the case of Atwater v. Lober (133 Misc. 652, 654) the court defines “to permit” as follows: “To permit means to allow or to consent to, and is the legal equivalent that it was done with the consent and knowledge of the person charged (United States v. San Francisco Bridge Co., 88 Fed. 891), implying an intent to do the thing complained of.”
Bouvier’s Law Dictionary (Rawle’s 3d ed.) defines the word “permit” as follows: “It denotes a decided assent; it may mean suffer; although it is more positive than allow or suffer; it implies consent given or leave granted ”.
The trustees in their submitted memorandum state that it is impossible for them to strictly observe the direction of the testatrix as to the trust income unless they hire a constant companion for the income beneficiary. It would be a strained construction of the language of the will to say that the trustees are bound to police the actions of the income beneficiary to see that he does not sell the clothes or redeem the transportation tickets which the trustees have paid for out of trust income, and then use the proceeds obtained therefrom to purchase liquor.
The words “ to permit ” as used by the testatrix imply such act upon the part of the trustees from which it could be said that they had authorized, granted or tolerated the prohibited use of trust income. It cannot be said that one authorizes an act unless he has knowledge of the act to be performed under the authorization. One cannot “ tolerate ” an act unless he has knowledge of the existence of such act or of such circumstances, which will lead him to the conclusion that the act will occur. Such knowledge is not synonymous with suspicion, surmise or rumor even though these elements place a burden upon the trustees to make a reasonable investigation to determine if they have any foundation in fact.
In the construction of a will, it is the obligation of the court to discover from the instrument itself, if possible, the intent of the maker of the will. In this case it would not be reasonable to assume that the testatrix has asked the trustees to perform an impossible act. It would be more plausible to determine the intent of the testatrix to be that the trustees may pay the net income directly to the beneficiary or apply it for his benefit, but *1057 with the proviso, that, if the trustees believe that direct payments of income to the beneficiary would result in his use of those funds in the purchase of liquor, then, they have the obligation not to pay directly, but to apply the income for the benefit of the beneficiary. It appears from the examination of the. intermediate account that the trustees have adopted the method of applying the net income and that they have exercised extreme caution in expending such income in an effort to comply with the requirement of not to permit the same to be used for the purchase of liquor.
If the trustees’ request was granted to dispense them of the responsibility for the supervision of the trust income, then the intent of the testatrix would be wholly nullified in this respect and her wishes would be frustrated. The intent of the testatrix is effectuated by not holding that the direction of the testatrix placed a duty upon the trustees, which is impossible to perform, but rather the trustees can comply with the direction of the testatrix by interpreting the words “ to permit ” as set. forth in this decision.
The performance of the duty imposed by the testatrix upon the trustees as to the supervision of the use of the trust income may be onerous, but it is not impossible. The application of the trustees to be relieved of complying with the last sentence of the first paragraph of clause tenth b of the will creating the trust, which reads “ I further direct the trustees not to permit any of the income herefrom to he used for the purchase of liquor ”, is hereby denied.