Staunton.

## Clover Creamery Company, Inc., v. J. L. Kanode, Admr. of Homer Kanode, Deceased.

September 17, 1925.

1. Master and Servant—*Child Labor Act—"Permitted or Suffered to Work."*—Section 1 of the child labor law (Acts of 1922, page 855, Virginia Code of 1924, section 1808-a) provides that no child under fourteen years of age shall be employed, "permitted or suffered to work in." These words do not impose upon the proprietor of a business the duty to prevent, or use reasonable care to prevent, the child from engaging in the business. The act only prohibits the employment of the child and the phrase "permitted to suffer or work" was intended to make the parent, or other person in control, acquiescing in the employment equally guilty with the proprietor of the business.

2. Master and Servant—*Child Labor Law—Sections 1 and 17 of the Act—Penalties.*—Section 17 of the child labor law (Acts of 1922, page 855, Virginia Code of 1924, section 1808-a) imposes a penalty upon only four classes of persons, namely, the proprietor of the business (or his agent), who employs the child, the person who procures the employment of the child, the parent (or other person in control) who permits the child to be employed, and the official who issues the false employment certificate. Section 1 of the act should be construed in harmony with the intention of the legislature as expressed in section 17.

3. Master and Servant—*Child Labor Law—"Permitted or Suffered to Work"—Knowledge.*—Construing section 1 of the child labor law (Acts of 1922, page 855, Virginia Code of 1924, section 1808-a) in the light of the other provisions of the act, it is manifest that the words "permitted or suffered to work" impose no duty or obligation upon the proprietor except where, after acquiring knowledge that a child within the prohibited age has been employed in his business, he permits or suffers him to remain in his service. Acquiescence by the master in such illegal employment constitutes a ratification of the illegal act of the servant and makes the employment by the servant the employment of the master. It cannot be said, however, that the proprietor has "permitted or suffered a child to work" in his business, when he has no knowledge that the child is engaged in

his service. The words "suffer" and "permit" necessarily imply knowledge.

4. MASTER AND SERVANT—*Child Labor Law—"Permitted or Suffered to Work."*—The phrase "permitted or suffered to work" in section 1 of the child labor law (Acts of 1922, page 855, Virginia Code, section 1808-a) is clearly intended to make equally guilty with the proprietor the parent, or other person in control of the child, who acquiesces in his employment in violation of the statute. The statute, so far as it applies to the master, prohibits only the employment by him of a child under the age of fourteen years.

5. MASTER AND SERVANT—*Child Labor Law—Action for Death of Child—Defendant's Servant Permitting Child to Assist Him in the Delivery of Milk—Case at Bar.*—In the instant case, an action for the death of a child, defendant's servant permitted the child to ride in the wagon and assist him in the delivery of milk, and gave him presents. While thus assisting defendant's servant the child was run over and killed. Defendant had in force a rule prohibiting its drivers, who had neither authority nor necessity for employing assistants, from allowing boys to ride on its wagons or assist in the delivery of milk. This rule was enforced by defendant. Defendant had no knowledge that the driver had violated the rule by permitting the child to ride on the wagon or assist in the delivery of the milk.

 *Held:* That the act of the driver in securing the child to assist him was beyond the scope of his authority and defendant not having ratified such employment was not bound by the act of his servant, and the defendant having no knowledge of driver's act, could not be said to have "permitted or suffered" the child to work in his service.

Error to a judgment of the Corporation Court of the city of Roanoke in a proceeding by motion for the recovery of damages. Judgment for plaintiff. Defendant appeals.

*Reversed.*

The opinion states the case.

*H. T. Hall, L. G. Muse,* and *Woods, Chitwood, Coxe, & Rogers,* for the plaintiff in error.

*Funkhouser & King,* and *Jackson & Henson,* for the defendant in error.

WEST, J., delivered the opinion of the court.

This is an action by J. L. Kanode, administrator of Homer Kanode, deceased, against Clover Creamery Company, Inc., to recover damages for the wrongful death of the plaintiff's intestate.

The parties will be referred to as plaintiff and defendant, according to their respective positions in the trial court.

The plaintiff's notice of motion alleges that the defendant's agent negligently and in violation of the statute *permitted* and *suffered* Homer Kanode, who was of the age of eleven years, to work in * * * * * connection with the sale and delivery of milk from defendant's milk wagon to defendant's customers. The defendant plead the general issue and the contributory negligence of the plaintiff himself.

A trial by jury being waived, the case was submitted to the court for decision, upon an agreed statement of facts. The court found for the plaintiff and entered judgment in his favor for $3,750.00. To that judgment this writ of error was allowed.

It is not contended that the plaintiff made out a case of negligence at common law. His right to recover, therefore, must depend upon the proper construction of the statute known as the child labor law, chapter 489 of the Acts of 1922, page 855, Virginia Code of 1924, section 1808-a, *et seq.*

Section 1 of the act is as follows:

"No child under fourteen years of age shall be employed, permitted or suffered to work in, about, or in connection with any gainful occupation, other than work on farms, orchards and in gardens, except as specified in this act."

Section 17, so far as material to the question here involved, reads thus:

"Whoever employs, procures, or having under his

control, permits a child to be employed or issues an employment certificate in violation of any of the provisions of this act, shall be guilty of a misdemeanor. * * * Any employment contrary to the provisions of this act shall be *prima facie* evidence of guilt both as to the employer and the person having control of the child."

[1] The plaintiff having stricken from his notice of motion "all allegations that his intestate had been employed by the defendant, or the servant in charge of its wagon," in construing the statute as applied to this case we are mostly concerned with the meaning and effect of the words, "permitted or suffered to work."

The contention of the plaintiff is that by the use of these words the statute imposed upon the proprietor of the business the duty to prevent, or to use reasonable care to prevent, the child from engaging in its work. The defendant maintains that the statute prohibits only the *employment* of the child and that the phrase quoted was intended to make the parent, or other person in control, acquiescing in the employment equally guilty with the proprietor of the business.

It is clear that if only the word "employed" were used the prohibition would extend to the employer and if a child of the prohibited age were employed and injury resulted from such employment, the employer would be guilty of actionable negligence as a matter of law. *Standard, etc., Co. v. Monroe*, 125 Va. 447, 99 S. E. 589.

The intention of the legislature in using the words "permitted or suffered to work" can best be ascertained by construing section 1 in the light of the other provisions of the act.

[2] The title of the act is "an act to regulate the employment of children; to repeal, etc." Section 17 imposes a penalty upon only four classes of persons, namely, the proprietor of the business (or his agent)

who employs the child, the person who procures the employment of the child, the parent (or other person in control), who permits the child to be employed, and the official who issues the false employment certificate. A Section 17, as appears, *supra*, also provides that "any employment contrary to the provisions of this act shall be *prima facie* evidence of the guilt both as to the employer and the person having control of the child." (Italics ours.)

Section 18, the enforcement section, provides: "The Commissioner of Labor shall enforce the provisions of this act and shall have authority to appoint such inspectors and assistants as may be necessary to secure the enforcement of this act.

It is not to be presumed that the legislature has placed upon the Commissioner of Labor the duty of enforcing the provisions of an act for the violation of which no penalty is prescribed. We conclude, therefore, that the legislature intended to provide a punishment for every violation of the statute, and that we should adopt a construction of section 1 which is in harmony with the intention of the legislature as expressed in section 17.

[3, 4] Construing section 1 in the light of the foregoing provision of the statute it is manifest that the words "permitted or suffered to work" impose no duty or obligation upon the proprietor except where, after acquiring knowledge that a child within the prohibited age has been employed in his business, he permits or suffers him to remain in his service. Acquiescence by the master in such illegal employment constitutes a ratification of the illegal act of the servant and makes the employment by the servant the employment of the master. It cannot be said, however, that the proprietor has permitted or suffered a child to work in his busi-

Opinion

ness, when he has no knowledge that the child is engaged in his service. The words "suffer" and "permit" necessarily imply knowledge. The phrase quoted is clearly intended to make equally guilty with the proprietor the parent or other person in control of the child, who acquiesces in his employment in violation of the statute. The statute, so far as it applies to the master, prohibits only the employment by him of a child under the age of fourteen years.

[5] It appears from the agreed facts that the driver in charge of defendant's milk delivery wagon permitted the plaintiff's intestate to ride in the wagon and to assist him in the delivery of milk and gave him presents consisting of milk to drink, candy, and small sums of money, that while thus assisting the defendant's servant in the delivery of milk, plaintiff's intestate was run over and killed by one of the wheels of the wagon; that the defendant had in force a rule prohibiting its drivers, who had neither authority nor necessity for employing assistants, from allowing boys to ride on its wagons, or to assist in the delivery of milk; that this rule was enforced by the defendant to the point of discharging drivers guilty of its violation, when it had knowledge that a driver violated the rule; and that the defendant had no knowledge that the driver of its wagon had violated the rule by permitting the plaintiff's intestate to ride on the wagon or assist in the delivery of milk.

The driver of the wagon having no authority and there being no necessity for him to employ assistants, his act in securing the plaintiff's intestate to assist him was beyond the scope of his employment, and the defendant having failed to ratify such employment, the defendant is not bound by the act of his servant.

The defendant having no knowledge that the driver had engaged the plaintiff's intestate to assist him in

cannot be said that the defendant permitted or suffered plaintiff's intestate to work in his service. It follows that there has been no violation of the statute by the defendant and that there can be no recovery against it for the injuries complained of.

We do not think *Purtell* v. *Philadelphia & Reading Coal & Iron Co.*, 256 Ill. 110, 99 N. E. 899, 43 L. R. A. (N. S.) 193, Ann. Cas. 1913E, 335; and *Evans* v. *Dare Lumber Co.*, 174 N. C. 31, 93 S. E. 430, 30 A. L. R. 1498, so confidently relied on by the plaintiff, sustain the contention in the instant case.

In the *Illinois Case* the defendant had a number of employees unloading coal and pushing it in cars to storage bins. These men employed the plaintiff, in violation of the child labor law, as water boy. The company had failed to supply its men with water. The court held that it was impracticable for the pushers to leave their work to go for water, and that they had implied authority from their master, *ex necessitate*, to employ a water boy. The evidence also showed knowledge of the boy's employment and acquiescence therein by the master.

In the *North Carolina Case* the plaintiff was employed in violation of the law to work in a lath mill where he was exposed to dangerous machinery and the defendant had acquiesced in his employment. The court held that the foreman of the lath room had authority to employ help and that his master was liable under the statute for his employment of the plaintiff.

The dicta from the *Illinois Case*, quoted and relied on in defendant's brief, was evidently intended to apply where the master gives a servant authority, express or implied, to employ assistants. In such cases the master must see to it, at his peril, that the servant does not employ boys under the forbidden age.

The plaintiff having failed to show that the driver acted within the scope of his employment, or with express or implied authority from the defendant to employ assistants, or that the defendant ratified his action in securing the services of the plaintiff's intestate, he must fail in this action, regardless of the merits of the other questions raised in the briefs.   A consideration of such questions would therefore prove unprofitable.

The judgment and verdict will be set aside, and, under section 6365 of the Code, judgment will be entered here for the defendant.

*Reversed.*