# Richmond

NOLDE BROTHERS, INCORPORATED v. BLANTON ROLFE
CHALKLEY, AN INFANT, WHO SUES BY HIS NEXT
FRIEND, BERNARD E. CHALKLEY

and

GEORGE L. FEITIG v. BLANTON ROLFE CHALKLEY, AN
INFANT, WHO SUES BY HIS NEXT FRIEND,
BERNARD E. CHALKLEY.

November 19, 1945.

Record Nos. 2963-2964.

Present, Campbell, C. J., and Hudgins, Gregory, Browning, Eggleston
and Spratley, JJ.

554

The opinion states the case.

*Bowles, Anderson & Boyd,* for the plaintiffs in error.

*George E. Allen* and *George E. Allen, Jr.,* for the defendants in error.

HUDGINS, J., delivered the opinion of the court.

Blanton Rolfe Chalkley, an infant, instituted this action, by his next friend, against Nolde Brothers, Incorporated, and George L. Feitig to recover damages for personal injuries. From a judgment of $11,500 entered on the verdict for plaintiff, each defendant obtained a separate writ of error.

Plaintiff, in his notice of motion, alleged that he was a minor 11 years of age; that, on May 1, 1943, he was riding in an automobile truck owned and controlled by the defendant, Nolde Brothers, and operated by George L. Feitig, its servant; and that, due to the negligent operation of the truck by the driver, in Prince George County, he suffered serious and permanent injuries. Plaintiff further alleged that he was in the employ of the defendant, George L. Feitig, "in connection with the selling and delivering of bread for the defendant, Nolde Brothers, Incorporated; that the defendant, George L. Feitig, was at the time of said accident, and is now, a bread truck driver and bread salesman for the

defendant, Nolde Brothers, Incorporated, manufacturers and wholesalers of bread and pastries, and that at the time of the aforesaid accident, the defendant, George L. Feitig, was on the business of the said defendant, Nolde Brothers, Incorporated.

"That the defendant, Nolde Brothers, Incorporated, permitted and suffered the plaintiff to work in, about, and in connection with its business, as aforesaid, in violation of law."

To this declaration a demurrer, a special plea and a plea in abatement to the jurisdiction of the court were duly filed. Each of the pleadings alleged that Nolde Brothers and all its employees were subject to the provisions of the Workmen's Compensation Act, that plaintiff was one of its employees, and that therefore the trial court had no jurisdiction to determine the controversy because the statute clothed the Industrial Commission of Virginia with exclusive jurisdiction in all such matters.

The demurrer was abandoned because it did not affirmatively appear from the notice of motion that Nolde Brothers, Inc., employed the requisite number of persons to bring it and its employees within the provisions of the Workmen's Compensation Act.

Upon demand of defendants, a jury was sworn to try the issues raised by the notice of motion and pleas.

Feitig testified that for fifteen years he had been a truck driver and salesman for Nolde Brothers on a route extending from Richmond to Waverly through Prince George and Chesterfield counties back to Richmond; that he sold and delivered the bakery products of Nolde Brothers on this route, for which he was guaranteed a minimum salary and paid commissions on sales and collections made by him; and that, on May 1, 1943, as he had done each Saturday for two months prior thereto, he employed plaintiff to assist him in delivering the bakery products and paid him out of his own pocket $1.75 per day.

J. Arthur Nolde, son of the vice-president and superintendent of transportation for Nolde Brothers, testified that

320 persons were employed by the corporation, 89 of whom were truck drivers; that the corporation and its employees were subject to the provisions of the Workmen's Compensation Act; that he had filed with the insurance carrier notice of the accident and that the carrier had filed like notice with the Industrial Commission; that he did not know plaintiff was employed by Feitig or that he was on the truck; that such employment was against the rules of the corporation and every truck driver was forbidden to permit anyone other than an employee to ride on the trucks; that sometimes, without his knowledge, these rules were violated; and that plaintiff was not on the corporation's payroll and it did not pay the insurance carrier any premium for plaintiff as an employee—that in fact, it had no knowledge that Feitig had employed a helper.

The statement of the plaintiff was as follows: "That he is 11 years old; that on May 1st, 1943, he was riding in an automobile truck driven by Feitig when it came in collision with an automobile driven by E. M. Wood at the intersection of No. 10 with No. 625 in Prince George County, Virginia;

"That he was at that time working as a helper for George L. Feitig, the driver of the truck; that he had worked for Feitig four or five Saturdays, including the one on which he was hurt, and the Easter Holiday; that those Saturdays covered a period of about two months; that during that period he did not work one Saturday due to the rain and he did not work another Saturday because Feitig had an inspector with him on that occasion;

"That Feitig solicited his services, employed him and gave him anywhere from $1.25 to $2.00 according to what Feitig thought the boy was worth on the particular occasion; that he was not regularly employed, but Feitig would ask him on each occasion to work for him on that particular day and sometimes the boy would agree and sometimes he didn't; that no one had anything to do with such employment but Feitig;

"That the plaintiff never saw any of the Noldes or anybody but the drivers of the trucks and the helpers;

"That during the Christmas holidays he worked in a like manner for another driver about twice and that after Christmas he worked for another driver in like manner two or three times."

The court in effect held that there was no issue of fact, and that the uncontradicted evidence and the pleadings presented a question of law to be determined by the court. It rejected the pleas and held that plaintiff was not an employee of Nolde Brothers, to which ruling the defendants duly excepted.

Plaintiff contends that the ruling on the pleas became the law of the case and that the provisions of Michie's Code 1942, sec. 6105, control. The question raised by the pleas was not the venue or territorial jurisdiction of the court but the jurisdiction of the subject matter of the action. If plaintiff was an employee of Nolde Brothers, then the Industrial Commission had exclusive jurisdiction to determine his claim against the employer, as the statute has deprived all trial courts of jurisdiction over such subject matters.

Judge Burks, speaking for the court in *Thacker* v. *Hubard*, 122 Va. 379, 385, 94 S. E. 929, 21 A. L. R. 414, said: "After defendant's demurrer and pleas had been rejected, he then moved the court to dismiss the proceeding because a court of law was without jurisdiction in cases of that kind. In other words, the ground of the motion was because the court had no jurisdiction of the subject matter. The motion was a proper one, and the court rightly entertained it. 'By jurisdiction over the subject matter is meant the nature of the cause of action and of the relief sought; and this is conferred by the sovereign authority which organizes the court and is to be sought for in the general nature of its powers, or in authority specially conferred.' *Cooper* v. *Reynolds*, 10 Wall. (77 U. S.) 308, 19 L. Ed. 931. If not fixed by the Constitution, the legislature alone can determine of what subjects the several courts of the State shall have jurisdiction. No consent of parties can confer it,

and a judgment outside of the jurisdiction so conferred is simply void. Objection for want of jurisdiction of the subject matter may be taken by demurrer, or motion, or in any way by which the subject may be brought to the attention of the court, and if not brought to the attention of the trial court, it may be taken notice of by the appellate court, *ex mero motu*, for the first time." See *Wilson* v. *State Highway Com'r*, 174 Va. 82, 4 S. E. (2d) 746; *Barnes* v. *American Fertilizer Co.*, 144 Va. 692, 130 S. E. 902; *Moore* v. *Norfolk, etc., Ry. Co.*, 124 Va. 628, 98 S. E. 635; Burks Pl. & Prac., 2d ed., p. 340.

Thereafter defendants, by three motions to dismiss, challenged the trial court's jurisdiction of the subject matter. One motion was made at the conclusion of the taking of the testimony of plaintiff; the same motion was renewed at the conclusion of the taking of all the evidence; and again the same motion was made to set aside the verdict. Each of these motions was overruled and exceptions noted.

The trial court's ruling on the pleas and its ruling on the different motions of defendants present the dominant question in the case—that is, the status of plaintiff's relation to Nolde Brothers.

Plaintiff seems to have proceeded on the theory that he was an employee of Feitig, the truck driver, and that he was an invitee of Nolde Brothers. Nolde Brothers presented two theories in the alternative: (1) That plaintiff was a trespasser *ab initio;* and (2) that, if not a trespasser, he was its employee at the time of the accident. A resume of the evidence clarifies the bases on which the parties present their respective theories.

The evidence for defendants tends to show that Nolde Brothers had adopted strict rules forbidding its drivers to employ helpers or to permit anyone not in its employ to ride on its trucks; that it had posted signs in its loading sheds, "No helpers allowed in the wagon sheds," "No admittance" and other signs of similiar import; that the rules were enforced; and that the truck drivers were given specific notice of these rules and required to obey them; that a

"No riders" sign was posted on the windshield of Feitig's truck on the day of the accident; and that none of the officers or employees except Feitig knew of the fact that plaintiff was riding on the truck. Infractions of the rules occasionally occurred, but drivers were disciplined for disobeying them, and the cooperation of the police had been requested in the enforcement of these and other safety regulations. This evidence shows that plaintiff was a trespasser upon the truck of Nolde Brothers at the time of the accident. However, this theory of the case was presented to the jury by proper instructions and was rejected.

Defendants admit that, under the evidence introduced by plaintiff, the jury had a right to disregard their evidence tending to show that plaintiff, as to Nolde Brothers, was a trespasser at the time of the accident; but they contend that the evidence for plaintiff shows as a matter of law that plaintiff was an employee of Nolde Brothers and that, for that reason, the judgment should be reversed, the verdict set aside and the case dismissed, leaving plaintiff the right to pursue his remedies before the Industrial Commission, and that, acting on the belief that this was the proper procedure, Nolde Brothers had filed a claim for plaintiff before the Industrial Commission, which was still pending.

Plaintiff relies upon the following evidence to support his theory that he was an invitee of Nolde Brothers: Every Saturday morning and holidays for a period of several years 10 to 15 boys gathered at Nolde's loading sheds between 5:00 and 7:00 A. M. for the purpose of securing work as helpers of the truck drivers. Each of these boys assisted a truck driver in loading his truck with bakery products and left the sheds on the truck with the driver. They accompanied the drivers on their respective routes, helped deliver bakery products to the customers and returned to the sheds with the trucks. These boys saw, from time to time, the foreman of the loading sheds and the supervisors checking the truck loads. None of the boys was ever ordered out of the sheds or informed that it was against the rules for them to be

there or to ride on the trucks. All were paid by the drivers substantial sums for the day's work.

Defendants rely upon the same evidence to support their theory that plaintiff was an employee of Nolde Brothers.

The pertinent part of Michie's Code 1942, sec. 1887 (2), (b), provides: " 'Employee' shall include every person, including a minor, in the service of another under any contract of hire or apprenticeship, written or implied, * * * ."

Whether a person engaged by an employee to assist him in the performance of the duties of the employer is also an employee depends upon whether the principal employer has knowledge of such employment and consents thereto. This knowledge may be actual or imputed. The consent may be express or implied.

"The rule is well settled that a person who is procured by an employee * * * to assist him in his duties, the employer assenting to the arrangements, occupies the position of an employee, and that the duty owed him by the employer is the same as that owed to other employees." 35 Am. Jur., Master and Servant, sec. 163, p. 591.

The converse of this proposition was decided by this court in *Clover Creamery Co.* v. *Kanode*, 142 Va. 542, 129 S. E. 222, which was an action to recover damages for the wrongful death of a minor killed while assisting the driver of a milk wagon in the performance of his duties. The agreed facts were that a driver in charge of defendant's milk wagon permitted a minor to ride on the wagon and assist him in the delivery of milk, for which the driver paid the boy in milk, candy and small sums of money. While on the milk route, the boy was run over and killed. The defendant had adopted a rule prohibiting its drivers from permitting boys to ride on their wagons and assist them in delivering milk. This rule was enforced to the extent that, when knowledge of its violation was brought home to the employer, such driver was discharged. In that case, as here, the notice of motion alleged that the defendant "per-

mitted and suffered" the boy, who was 11 years of age, to work for it. Speaking to the point at page 546, it was said: "It cannot be said, however, that the proprietor has 'permitted or suffered a child to work' in his business, when he has no knowledge that the child is engaged in his service. The words 'suffer' and 'permit' necessarily imply knowledge. The phrase quoted is clearly intended to make equally guilty with the proprietor the parent or other person in control of the child, who acquiesces in his employment in violation of the statute. * * *

"The driver of the wagon having no authority and there being no necessity for him to employ assistants, his act in securing the plaintiff's intestate to assist him was beyond the scope of his employment and the defendant, having failed to ratify such employment, the defendant is not bound by the act of his servant.

"The defendant having no knowledge that the driver had engaged the plaintiff's intestate to assist him, it cannot be said that the defendant permitted or suffered plaintiff's intestate to work in his service. It follows that there has been no violation of the statute by the defendant and that there can be no recovery against it for the injuries complained of. * * *

"The plaintiff having failed to show that the driver acted within the scope of his employment, or with express or implied authority from the defendant to employ assistants, or that the defendant ratified his action in securing the services of the plaintiff's intestate, he must fail in this action, regardless of the merits of the other questions raised in the briefs."

In *Carlton* v. *L. Bromm Baking Co., Inc.*, 17 O. I. C. 66, the Industrial Commission held that an assistant to a route salesman, employed and paid by the salesman with the knowledge of the employer, was an employee of the principal employer. To the same effect, see *Murray* v. *Home Brewing Co.*, 20 O. I. C. 139.

In *Hockmuth* v. *Perkins*, 55 Ga. App. 649, 191 S. E. 156, it was held that where one, employed to operate a

truck for delivery of bakery products, hired a helper with the employer's knowledge, the helper was an employee of the principal employer. See *Michaux* v. *Gate City Orange Crush Bottling Co.*, 205 N. C. 786, 172 S. E. 406.

The same question was before the Georgia court in *Minchew* v. *Huston*, 66 Ga. App. 856, 19 S. E. (2d) 422, 426, where this was said: " * * * one of the underlying principles that governs the proposition is that an assistant or helper procured by one employee with the knowledge, expressed or implied, of the master, or the assent of the master to the employment of the assistant or helper, is an employee of the master."

I Schneider's Workmen's Compensation Text, Perm. Ed., sec. 233, p. 617, states the applicable rule in this language: "It may be stated as a general rule that an agent, who with authority express, implied, apparent or actual, employs help for the benefit of his principal's business, thereby creates the relationship of employer and employee between such help and his principal."

The author cites many cases which support the text and others apparently to the contrary. However, many of the cases in the latter category are based upon construction of the language used in the Workmen's Compensation Act that is materially different from the language of the Virginia act. The Wisconsin act expressly provides that helpers and assistants of employees shall be regarded as employees, "whether paid by the employers or employee, if employed with the knowledge, actual or constructive, of the employer." *National Film Service* v. *Industrial Comm.*, 206 Wis. 12, 238 N. W. 904, 80 A. L. R. 519, and annotations, p. 522.

Plaintiff, in one part of his brief, contends that he was employed by Feitig and that Feitig alone had the right to control and direct him in the performance of his work for Nolde Brothers. Feitig was not an independent contractor or a subcontractor. He was an employee, and, under his contract of employment, Nolde Brothers had, and exercised, the right to control and direct him in the performance

of his work. If the employer has the right to direct and control the employee in the performance of his work, *a fortiori* the employer has the same right to control and direct the assistant of such employee in the performance of the same duties.

The ordinary test to determine whether one is an employee or an independent contractor is to ascertain "who has the power to control and direct the servants in the performance of their work." *Crowder* v. *Haymaker*, 164 Va. 77, 80, 178 S. E. 803, 804; *Epperson* v. *DeJarnette*, 164 Va. 482, 486, 180 S. E. 412; *Hann* v. *Times-Dispatch Pub. Co.*, 166 Va. 102, 106, 184 S. E. 183.

The truck used and the list of customers were the property of Nolde Brothers. The driver of the truck had to report at a certain time and place and, after he had completed the deliveries and made his collections, he was required to deliver the truck and the unsold products to, and settle with, Nolde Brothers for the day's collections. If his work was unsatisfactory, he was subject to discharge by his employer.

Plaintiff, in his brief, states: "If the employer of the truck driver authorized the truck driver to employ the assistant, or ratified the employment * * * , the helper employed by the truck driver is the employee of the truck driver's employer and his helper's remedy is under the Workmen's Compensation Act."

He then contends that his evidence establishes the fact that Nolde Brothers "suffered and permitted" plaintiff to act as a helper to Feitig, but that this was not sufficient to show that Nolde Brothers had knowledge of or ratified his employment by Feitig. It is difficult to see how one can "suffer and permit" another to do an act and not have knowledge of the fact that the act is being done.

Webster's International Dictionary, 2d ed., states that "suffer" as a verb means "to allow; to permit; not to forbid or hinder; also to tolerate; to put up with." The same authority defines the verb "permit" to mean "to allow the act or existence of; to consent to expressly or formally;

to grant (one) license or liberty; to authorize; to give leave." The word "allow" is not as positive as the word "permit," being more of a synonym with the word "suffer," while the word "permit" denotes a decided assent. *Wilson* v. *State*, 19 Ind. App. 389, 46 N. E. 1050, 1051. "The words 'suffer' and 'permit' necessarily imply knowledge." *Clover Creamery Co.* v. *Kanode, supra.*

It is true that the officers and other employees of Nolde Brothers denied actual knowledge of the employment, but plaintiff's evidence is to the effect that he and 10 or 15 other boys gathered at the loading shed as early as 5:00 A. M. in the winter for the purpose of securing employment; that they secured the employment that early in the morning, immediately began to load the trucks and left riding on the trucks; and that this was done in the presence of the foreman and the supervisors. No reasonable person, adult or infant, would make a practice of so working for another unless he expected to be paid therefor. Hence knowledge of the fact that these boys were receiving compensation for work performed for Nolde Brothers was imputable to Nolde Brothers. Consent to the employment is implied from the silence of the officers in charge of the work. When the circumstances demand that a party speak out, he cannot remain silent. If he does not speak, an estoppel arises. *Teter* v. *Irwin*, 69 W. Va. 200, 209, 71 S. E. 115.

While no authority was expressly given Feitig to hire plaintiff, the conduct of Nolde Brothers, after he had been hired, makes Feitig its agent by estoppel. This results from manifestations made to third persons which would cause a reasonable belief that authority actually exists. "Apparent authority" arises from facts and circumstances which cause another to change his position to his detriment.

When an estoppel is relied on to conclude a party from claiming a legal right, he who claims the benefit of such estoppel is himself bound thereby. *Rives* v. *Farish's Adm'r*, 24 Gratt. (65 Va.) 125, 134.

Plaintiff further contends that his employment, either by Feitig or Nolde Brothers, was illegal under the provisions of

Michie's Code 1942, sec. 1808a, and that an illegal contract of employment cannot be pleaded in bar of this action.

Plaintiff cites a number of cases from other jurisdictions that support his contention, but this question was settled contrary to the plaintiff's contention in this jurisdiction by the opinion of Judge Burks in *Humphrees* v. *Boxley Bros. Co.*, 146 Va. 91, 98, 108, 135 S. E. 890, 49 A. L. R. 1427, where this is said: "We are of opinion that the new and additional liability imposed upon the employer by the workmen's compensation act is in aid of the child labor law, rather than opposed to it; that infants, whether lawfully employed or not, are within the language and intent of the act, and that the remedy afforded by the act is exclusive of all other remedies, and hence the plaintiff cannot maintain her common law action against the defendant. * * *

"When we come to the decided cases, it may be conceded that the weight of authority is apparently contrary to the views hereinbefore expressed. We say apparently, because many of the cases cited in support of the rule requiring a lawful contract of employment of the infant are controlled by the language of local statutes."

Plaintiff, in his argument before the trial court, stated his case against Feitig as follows: "Our position is that George L. Feitig was in the employ of Nolde Brothers; that Nolde Brothers owns the truck he drove; that he was the driver of a bread truck with a route, selling and delivering bread on commission, was paid his salary by commission; that Nolde Brothers had nothing to do with how Feitig sold and delivered that bread, nothing to do with whom he employed as helpers, but his duty was to deliver that bread and he got paid, I believe, 10 per cent commission on that which was sold; that which he could not sell he returned; Feitig employed such helpers as he saw fit to employ; he employed this plaintiff only a few times, he employed him on one holiday and he employed him on several Saturdays; that he employed him on each occasion separately, paid him

no regular wage, but just paid him what he wanted to give him at that particular time. Under those circumstances it is our contention that the boy was not in the employ of Nolde Brothers, but was in the employ of Feitig only, and the Workmen's Compensation Act does not apply."

Plaintiff's evidence does not support this theory of the case. The fact that Nolde Brothers was charged with notice of plaintiff's employment and gave its implied assent thereto renders the act of Feitig in employing plaintiff the act of Nolde Brothers. Hence, Feitig is not an independent contractor, nor is he such "other party" against whom plaintiff can proceed for ordinary negligence as is contemplated by section 12 of the Workmen's Compensation Act.

The judgment of the trial court is reversed, the verdict of the jury set aside and the case dismissed, but this dismissal shall not be prejudicial to the right of the plaintiff to proceed to assert his claim before the Industrial Commission.

*Reversed and dismissed.*