## CIRCUIT COURT OF THE CITY OF RICHMOND

George Albert Myrick

v.

Neverette A. Eggleston, Jr., et al.

July 27, 1992

Case No. LT 1855

BY JUDGE ROBERT L. HARRIS, SR.

The defendant, Standard Drug Company ("Standard"), filed this motion for summary judgment pursuant to Rule 3:18, asserting that there are no material facts in dispute and that as a matter of law, it is not liable to the plaintiff, George Myrick, for the tortious acts of co-defendant, Anthony Smith. After considering the pleadings, the responses to Requests for Admissions, memoranda of law, and argument of counsel, the court agrees and grants Standard's motion.

Standard Drug Company owns and operates several drug stores within the City of Richmond. At its location at First and East Broad Streets, it leases space to Neverette Eggleston, another defendant, in which space Eggleston operates a snack bar known as *Eggleston's*. Eggleston employs Smith, who allegedly assaulted Myrick on September 1, 1990, by grabbing him around the neck and slamming him against the concrete floor of the store.

At first blush, this case appears to implicate the doctrine of apparent authority; that is, a purported principal is estopped to deny that another has acted on his behalf if the latter has made "manifestations . . . to third parties which would cause a reasonable belief that authority actually exists." *Nolde Bros. v. Chalkley*, 184 Va. 553, 567, 35 S.E.2d 827, 833 (1945). Nonetheless, the issue of apparent authority becomes moot in the face of the general maxim that a principal is no more liable for every act of his agent than a master is liable by all conduct of his servant. *See, United Brotherhood of Carpenters v. Humphreys*, 203 Va. 781, 787, 127 S.E.2d 98, 102 (1962). "If the

servant steps aside from his master's business and is engaged in an independent venture of his own, the relation of master and servant is for the time suspended." *Abernathy v Romaczyk*, 202 Va. 328, 332, 117 S.E.2d 88, 91 (1960). Based on Myrick's facts and allegations in the instant case and assuming, for the sake of argument, a showing of apparent authority, Standard nonetheless cannot be liable for Smith's alleged tortious conduct.

A master is only liable for the intentional acts of his servant when those acts were done within the course of the servant's employment. *See, id.*; *Tri-State Coach Corp. v. Walsh*, 188 Va. 299, 303, 49 S.E.2d 363, 365 (1948). Furthermore:

> An act is within the course of employment if (1) it be fairly and naturally incident to the business; and if (2) it be done while the servant was engaged upon the master's business and be done, although mistakenly or ill-advisedly with a view to further the master's interests, or from some impulse or emotion which naturally grew out of or was incident to the attempt to perform the master's business, and did not arise wholly from some external, independent, and personal motive on the part of the servant to do the act upon his own account.

*United Brotherhood*, 203 Va. at 787, 127 S.E.2d at 102 (1962) (quoting *Davis v. Merrill*, 133 Va. 69, 77, 112 S.E. 628, 630–631 (1922)).

*Tri-State Coach Corp.* and *Abernathy, supra*, illustrate the distinction between conduct performed within and without the course of employment. In *Tri-State Coach Corp.*, the driver of the defendant company's bus was preparing to turn at an intersection when a motorist, fearing damage to his car by the bus, warned the bus driver that the bus would hit his vehicle. The bus driver stopped, left the bus, and then argued with and assaulted the motorist. The Court found that the servant's act was sufficiently linked to his duties to make the bus company liable:

> [I]t is evident that [the assault] grew out of and was part of the contention regarding the operation of the respective motor vehicles, their then rights on the road, and the possible danger to plaintiff's automobile if Mooney moved forward in the direction already partially undertaken . . . .
>
> Had the turn been wholly negotiated into State Street . . . and Mooney had then abandoned the business of his master

> and committed the tort solely to gratify his personal feelings and not to accomplish or effect his insistence upon his right of movement, it would not have been within the scope of his employment; but here *it was committed in the very act of negotiating the turn.* It was part and parcel of Mooney's insistence and contention that he was properly operating the bus and intended to insist upon his rights in the highway. Because his demands were physical and emphatic renders it no less in furtherance of the master's business.

188 Va. at 305, 49 S.E.2d at 366 (emphasis added). At the core of the Court's reasoning was the fact that the assault arose directly and immediately from the employee's attempt to perform a duty for the employer.

The *Abernathy* decision, on the other hand, demonstrates conduct without the purview of the actor's employment. In that case, the defendant company's food truck rear-ended another vehicle at a traffic light. A fight ensued between the two drivers over the cause of the accident, and the plaintiff was injured by the driver of the truck. In this instance, the Court found no link between the employee's assault and any activity he was performing coincidentally for the employer:

> By participating in the fracas, Allen [the truck driver] abandoned the business of his master and engaged in an independent venture of his own to gratify his personal feelings, and the relation of master and servant was for the time suspended . . . . [T]he evidence shows as a matter of law that Allen was not acting within the scope of his employment when he participated in the assault.

202 Va. at 334, 117 S.E.2d at 92–93.

Based on the evidence before the court in the instant case, Myrick has presented no basis upon which to make Standard stand liable for the alleged assault by Smith. Even assuming the existence of an agency relationship arising from apparent authority, Myrick has failed to allege a link between the alleged assault and any activity within the scope of that relationship. Consequently, Standard is entitled to summary judgment as a matter of law.