Alexandra P. MURNAN,
Trustee, Plaintiff,

v.

STEWART TITLE GUARANTY
COMPANY, Defendant.

No. 1:08cv2.

United States District Court,
E.D. Virginia,
Alexandria Division.

April 1, 2009.

Kenneth Allen Martin, The Martin Law Firm, McLean, VA, for Plaintiff.

Sean Patrick Roche, Odin Feldman & Pittleman PC, Fairfax, VA, for Defendant.

## ORDER

T.S. ELLIS, III, District Judge.

This is a diversity action for breach of a title insurance policy. Plaintiff, Alexandra Murnan, in her capacity as Trustee of the Murnan Springhill Trust ("Trust"), purchased a title insurance policy ("Policy") from defendant Stewart Title Guaranty Co. ("Stewart Title") insuring the title of a property held in the Trust and identified as 1150 Springhill Road in McLean, Virginia ("Property"). In addition to serving as Trustee, Murnan was also (i) the sole holder of the right to revoke the Trust and (ii) the sole beneficiary of the Trust for the duration of her life. At the time she purchased the Policy, a number of Internal Revenue Service ("IRS") tax judgments were pending against Murnan in her individual capacity. She claims a later sale of the Property to a third party foundered because the IRS tax judgments against her in her personal capacity operated as liens on the Property. Murnan, as Trustee, filed a claim with Stewart Title for coverage under the Policy, which claim was denied. Murnan, as Trustee, subsequently defaulted on the mortgage payments for the Property, and the Property was sold at a foreclosure auction for an amount less than she would have received from the sale that had previously foundered. Thereafter, Murnan, as Trustee, filed the instant lawsuit, claiming that Stewart Title breached the Policy by failing to provide coverage. The material undisputed facts are fully set forth in a prior Memorandum Opinion and need not be repeated here. *See Murnan v. Stewart Title Guar. Co.*, 585 F.Supp.2d 825 (E.D.Va.2008)

On October 30, 2008, Murnan, as Trustee, was granted partial summary judgment. *See id.; see also Murnan,* 585 F.Supp.2d 825 (E.D.Va.2008) (Order). Specifically, plaintiff was granted summary judgment insofar as (i) "the federal tax liens against ... Murnan in her personal capacity trigger the [Policy's] coverage provision for liens on title"; and (ii) the Policy's exclusion for liens created, suffered, assumed, or agreed to by the insured claimant ("Exclusion") was held not to bar coverage. *See id.*

Thereafter, on January 12, 2009, an Order issued advising the parties that the Court, *sua sponte,* would reconsider its grant of partial summary judgment solely with respect to one of the questions central to its holding—namely, the conclusion that the Exclusion did not bar coverage. *See Murnan,* 585 F.Supp.2d 825 (E.D.Va.2009) (Order). Specifically, the parties were directed to submit supplemental briefing addressing interpretation of the Exclusion in two respects:

(i) Whether the Policy definition of the "insured" as "Alexandra P. Murnan, Trustee for the Murnan Spring Hill Trust" (a) was intended to refer to Murnan's Trustee status merely as identifying information; (b) was intended to refer to Murnan's Trustee status to limit the definition of the insured to Murnan, acting solely in her capacity as Trustee; (c) is ambiguous, as reflected in the October 30 Memorandum Opinion; or (d) should otherwise be interpreted contrary to the result reached in the October 30 Memorandum Opinion.

(ii) Whether, assuming the Policy definition of the "insured" either (a) is ambiguous; (b) was intended to limit the definition of the "insured" to Murnan, acting solely in her capacity as Trustee; or (c) should otherwise be interpreted to limit the relevant actions under the Exclusion to those of Murnan, acting solely in her capacity as Trustee, the Exclusion nonetheless bars coverage because Murnan, *acting in her capacity as Trustee,* "created, suffered, assumed, or agreed to" the liens on the Property when she purchased the Property on behalf of the Trust.

*Id.* The parties complied, and because the relevant facts and legal principles are adequately set forth in the existing record, oral argument on this matter is dispensed with, as it would not aid the decisional process. For the reasons that follow, the October 30, 2008, Order granting plaintiff partial summary judgment must be vacated in part and plaintiff's claim dismissed.

As an initial matter, the parties agree that the Exclusion's definition of the "insured" as "Alexandra P. Murnan, Trustee for the Murnan Spring Hill Trust" is ambiguous. Specifically, they agree that the October 30 Memorandum Opinion's ruling was correct in concluding that the phrase "Alexandra P. Murnan, Trustee for the Murnan Spring Hill Trust" is ambiguous and "must be construed ... to limit the relevant actions for purpose of the Exclusion to Murnan's actions as Trustee." *Murnan,* 585 F.Supp.2d at 840. Accordingly, because the parties agree and the record reflects no reason to reconsider the October 30 Memorandum Opinion's ruling in that respect, the question presented is whether Murnan, *acting in her capacity as Trustee,* "created, suffered, assumed, or agreed to" the liens on the Property.

To be sure, this question was raised and addressed in the October 30 Memorandum Opinion. *See id.* at 841 ("[T]he final question is whether Murnan, as Trustee, 'created, suffered, assumed, or agreed to' the liens on the Property."). Yet, on further reflection, the October 30 Memorandum Opinion's conclusion—"that Murnan, in her capacity as Trustee, did not do so"—was

incorrect. *Id.* at 841. Specifically, because a clearer analysis of the question presented demonstrates that Murnan, *in her capacity as Trustee,* "suffered" the liens *to attach to the Property* at the time she, as Trustee, *acquired* the Property, the Exclusion bars coverage here, and plaintiff's claim must be dismissed.

To be sure, the October 30 Memorandum Opinion correctly defined "suffer" when it noted that " 'suffer,' when used in an exclusion like the one at issue, 'has been interpreted to mean consent with the intent that what is done is to be done … and has been deemed synonymous with permit, which implies the power to prohibit or prevent the claim from arising.' " *Id.* (quoting *Am. Sav. & Loan Ass'n v. Lawyers Title Ins. Corp.*, 793 F.2d 780, 784 (6th Cir.1986) (internal quotations omitted)).[1] Yet, the October 30 Memorandum Opinion incorrectly concluded that "because Murnan, in her capacity as Trustee, had neither the power, nor the obligation, to satisfy Murnan's *personal tax liabilities,* she could not 'suffer' the *IRS tax liens* in her capacity as Trustee." *Id.* (emphasis added). Specifically, the question is *not* whether Murnan, as Trustee, suffered the *IRS tax liabilities when they first arose.* Indeed, as the October 30 Memorandum Opinion observed, "all but one of the federal tax liens … were assessed

before Murnan's capacity as Trustee even existed." *Id.* at 841 n. 34. Rather, the question is whether Murnan, as Trustee, suffered the liens *on the Property* at the time they attached to the Property, namely at the time she, as Trustee, purchased the Property. The answer to this question is clearly "yes"; Murnan, as Trustee, "suffered" the liens *on the Property* when she, as Trustee, chose to acquire it because

(i) she was aware of the IRS tax judgments against her in her personal capacity;

(ii) those tax judgments automatically became liens on all of property and rights to property held by her in her personal capacity; and

(iii) she knew that she held expansive rights to the Trust Property, namely a lifetime beneficial interest and an unconditional right to revoke the Trust.

Thus, when, acting as Trustee, she purchased the Property, she essentially "permit[ted]" the liens to attach to the Property and thus suffered the liens on the Property. *See Am. Sav. & Loan,* 793 F.2d at 784.[2] Accordingly, because Murnan, as Trustee, suffered the liens on the Property that trigger the Policy's coverage provision for liens on title, the Exclusion bars coverage here.[3]

---

1. *See also* 11 Couch on Insurance § 159:73 at 91 (3d ed. 2005) ("[T]he term 'suffer' … impl[ies] the power to prevent or hinder, and would include knowledge of what is to be done under the sufferance and permission, and the intention that what is done is to be done."); 21A Michie's Jurisprudence, Words and Phrases at 534 (2007) ("Suffer, as a verb, means to allow; to permit; not to forbid or hinder; also, to tolerate, to put up with." (citing *Nolde Bros. v. Chalkley,* 184 Va. 553, 564, 35 S.E.2d 827 (1945) (interpreting "suffer" in a non-insurance context))).

2. Because it is clear that Murnan, as Trustee, "suffered" the liens on the Property, it is unnecessary to revisit whether she, as Trus-

tee, "created," "assumed," or "agreed to" the liens on the Property. *Cf. Murnan,* 585 F.Supp.2d at 841–42 (holding that Murnan, as Trustee, did not create, assume, or agree to the liens on the Property).

3. It is important to observe that although the October 30 Memorandum Opinion did not address plaintiff's claim that the Policy coverage provision for "unmarketability of" title was triggered, that claim would likewise be barred by the Exclusion for the reasons stated here. In addition, although the record reflects a June 2003 IRS tax lien against Murnan in her personal capacity, it is unnecessary to address that lien here, both because (i) as a lien that arose subsequent to issuance of the

748

Accordingly, for these reasons, and for good cause,

It is hereby **ORDERED** that the October 30, 2008, Order (Docket No. 48) granting Murnan, as Trustee, partial summary judgment is **VACATED IN PART,** insofar as the Policy's Exclusion for liens suffered, created, assumed, or agreed to by the insured claimant bars coverage under the Policy because Murnan, as Trustee, "suffered" the liens on the Property.

It is further **ORDERED** that summary judgment is **GRANTED IN PART** to Stewart Title, insofar as the Policy's Exclusion bars coverage; accordingly, this matter is **DISMISSED WITH PREJUDICE.**

The Clerk is directed to send a copy of this Order to all counsel of record. The Clerk is further directed to place this matter among the ended causes.

Policy, it is excluded from coverage even assuming it attaches to the Property; and (ii) the record reflects it was discharged by the IRS in January 2004.

Finally, because the Exclusion bars coverage, both (i) the parties' pending cross-motions (Docket Nos. 53 and 55) for summary judgment on the appropriate remedy for Stewart Title's denial of coverage and (ii) the parties' pending motions to strike affidavits (Docket Nos. 57 and 66) need not be addressed, as they are rendered moot.