**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1490**

MURNAN SPRING HILL TRUST,

                Plaintiff – Appellant,

      and

ALEXANDRA P. MURNAN, Trustee,

                Plaintiff,

      v.

STEWART TITLE GUARANTY COMPANY,

                Defendant – Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, Senior District Judge. (1:08-cv-00002-TSE-JFA)

Argued: January 26, 2010          Decided: March 31, 2010

Before TRAXLER, Chief Judge, and SHEDD and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kenneth A. Martin, THE MARTIN LAW FIRM, PLLC, McLean, Virginia, for Appellant. F. Douglas Ross, III, ODIN, FELDMAN & PITTLEMAN, PC, Fairfax, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alexandra P. Murnan appeals the order granting summary judgment against her on her breach of contract claim. We affirm.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We review the district court's order granting summary judgment de novo. Jennings v. Univ. of North Carolina, 482 F.3d 686, 694 (4th Cir. 2007) (en banc). In doing so, we view the facts in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

Murnan created the Murnan Spring Hill Trust ("the Trust") under which she is the sole holder of the right to revoke the trust as well as the sole beneficiary of the Trust for the duration of her life. After a series of real estate transactions, Murnan acquired a piece of property in McLean, Virginia, on the Trust's behalf. Before closing on the purchase contract, Murnan, as trustee, purchased a title insurance policy from Stewart Title Guaranty Co. There were multiple federal tax judgments pending against Murnan in her individual capacity when the policy was issued.

Pursuant to the title insurance policy, Stewart Title agreed to insure "against loss or damage . . . sustained or incurred by the insured by reason of . . . [a]ny defect or encumbrance on the title [or] [u]nmarketability of title." J.A. 128. However, the policy excludes from coverage "defects, liens, encumbrances, adverse claims or other matters . . . created, suffered, assumed or agreed to by the insured claimant." J.A. 128. The policy listed three items which were specifically excluded from coverage: a deed of trust securing a loan, taxes subsequent to the year 2002, and a water main easement.

Less than a year after she purchased the property, Murnan entered into a contract to sell the property to a third party. Murnan claims that the sale foundered because the tax judgments against her in her individual capacity attached to the property in the form of tax liens when she purchased the property as trustee, and, as a result, the potential buyer could not obtain title insurance on the property. Murnan then filed a claim with Stewart Title for coverage, and her claim was denied. Murnan defaulted on her mortgage payments, and the lender foreclosed on the property. Murnan later brought this action claiming that Stewart Title breached the policy by failing to provide coverage.

On cross-motions, the district court granted summary judgment in favor of Stewart Title. First, the court held that the federal tax liens against Murnan in her personal capacity attached to the property pursuant to 26 U.S.C. § 6231 when she purchased it as trustee. Additionally, the court held that the tax liens were excluded from coverage under the policy because Murnan, as trustee, "suffered" the liens on the property by accepting title on behalf of the Trust. Murnan challenges this second ruling on appeal, contending that the court misconstrued the policy.

Although Murnan correctly notes that we construe ambiguities in an insurance policy against the insurer, <u>Lincoln Nat'l Life Ins. Co. v. Commonwealth Corrugated Container Corp.</u>, 327 S.E.2d 98, 101 (Va. 1985), the policy's exclusion of liens suffered by the insured is not susceptible to more than one construction. "Suffer" has only one meaning in this context. As the district court noted, the Sixth Circuit examined a provision excluding risks "created, suffered, assumed or agreed to" by the insured, which is identical to the language used in the policy here, and it explained that "the term 'suffered' has been interpreted to mean consent with the intent that 'what is done is to be done,' . . . and has been deemed synonymous with 'permit,' which implies the power to prohibit or prevent the claim from arising. . . ." <u>Am. Sav. & Loan Ass'n v. Lawyers</u>

4

<u>Title Ins. Corp.</u>, 793 F.2d 780, 784 (6th Cir. 1986) (citations omitted); <u>see</u> <u>also</u> Black's Law Dictionary (8th ed. 2004) (defining "suffer" to include "to allow or permit (an act, etc.)").

The district court rejected Murnan's argument that the inquiry is whether she, as trustee, caused the tax liens to arise in the first place. Instead, it identified the key issue to be whether Murnan, as trustee, permitted the liens to attach to the property. It then explained that Murnan, as trustee, suffered the liens on the property when she purchased the property because (1) she was aware of the IRS tax judgments against her when she purchased the property; (2) those judgments automatically became liens on <u>all</u> property held by her, including her rights to trust property; and (3) she knew that she held expansive rights to the trust property as the lifetime beneficiary and grantor with the unconditional right to revoke the trust. Therefore, the court concluded that the tax liens were excluded from coverage.[*]

---

[*] The district court did not rule on Murnan's argument that Stewart Title waived, or is estopped from asserting, the exclusion provision at issue. However, to the extent that these arguments are properly before us, they fail under the facts of this case. <u>See</u> <u>Sharp v. Richmond Life Ins. Co.</u>, 183 S.E.2d 132 (Va. 1971) (holding that although the insurer issued the policy with knowledge of the insured's health problems but failed to specifically exclude them, the insurer could later deny coverage under a general exclusion provision relating to pre-existing (Continued)

Having reviewed and considered the record, briefs, oral arguments, and applicable law, we are persuaded that the district court reached the correct result on Murnan's claims. Accordingly, we affirm the order granting summary judgment based substantially on the reasoning of the district court. <u>See</u> <u>Murnan Spring Hill Trust v. Stewart Title Guaranty Co.</u>, No. 1:08-cv-00002 (E.D. Va. April 1, 2009).

<u>AFFIRMED</u>

---

conditions); <u>Employers Commercial Union Ins. Co. of Am. v. Great Am. Ins. Co.</u>, 200 S.E.2d 560, 562 (Va. 1973) (stating that waiver requires the intentional relinquishment of a known right).